## John W. Turner v. Leslie J. Owen, Administrator.

1. INSTRUCTIONS—*must not submit questions of law to jury.* It is error to leave to the jury the determination of the question as to what constitutes a contract.

2. CONTRACTS—*express and implied, defined.* Express contracts are those in which the terms of the contract or agreement are openly and fully uttered and avowed at the time of making, while an implied contract, in fact, arises where there is not an express contract but there is circumstantial evidence showing that the parties did intend to make a contract.

3. ASSUMPSIT—*when instruction as to right of recovery in, erroneous.* An instruction which tells the jury that in order to recover for board and services it is necessary that an express contract be established, is erroneous inasmuch as recovery may be predicated upon an implied one.

4. INSTRUCTIONS—*must not be contradictory.* Instructions are erroneous which contradict each other upon material questions.

Contest in court of probate. Appeal from the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the May term, 1905. Reversed and remanded. Opinion filed October 9, 1905.

HERRICK & HERRICK and BARRY & MORRISSEY, for appellant.

WESLEY M. OWEN and WELTY, STERLING & WHITMORE, for appellee.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an appeal from a judgment of the Circuit Court, rendered upon the verdict of a jury, disallowing a claim originally filed in the County Court by appellant against the estate of appellee's intestate, Andrew J. Myers.

The record discloses the following facts: Myers, who owned and had formerly lived upon a farm in the State of Indiana, left the same on March 8, 1901, and together with his wife, went to the home of appellant, their son-in-law, who was a tenant farmer in McLean county, where they

remained, with the exception of about fifteen weeks, until the death of Myers on April 15, 1902.

There is evidence tending to show that when Myers and his wife went to the home of appellant, they stated to them they intended to pay their board; that prior thereto Myers stated to different persons that he was going to Illinois to live with appellant and was going to pay board for himself and wife, and that he also made similar statements to others after he came to Illinois. There is no evidence tending to prove that either Myers or his wife paid any board during the time they resided with appellant, or that appellant ever requested or indicated to them that he expected them to do so. The evidence further shows that Myers assisted in the care of the garden and in feeding the stock, and that his wife assisted in performing the household work. About two weeks after they arrived at appellant's home they executed and delivered to him a deed for three tracts of land, one containing thirty, another sixteen and another thirty-four acres, in Switzerland county, Indiana. The said deed contained the following clause :

"The grantors herein reserve their life interest in the first described tract of 30 acres, with the right of the grantee, above named, to live on or occupy said land, if they so desire, with the understanding that the grantors may live with them and be taken care of by grantee so long as grantors, or either of them, shall live."

After the death of Myers, appellant filed a claim against his estate for the sum of $300, for the board and care of himself and his wife. Upon the trial a copy of the deed above referred to, together with a certificate of the recorder of Switzerland county, Indiana, to the effect that the same was a true and complete copy of the record of the deed which was recorded in his office, was offered in evidence by appellee, and was objected to by appellant because it was not authenticated in accordance with the statute, and for the further reason that it was incompetent and immaterial. The court admitted the deed in evidence for the purpose of "showing what was done in relation to the other

issues." It is insisted that the admission of the deed in evidence was error. We think the contention is well founded. The vital question at issue in the case was whether it was intended by appellant to charge, and by Myers to pay board, or whether Myers and his wife were received and entertained merely as members of appellant's family. The deed did not tend to prove or disprove the issues involved in the case, and while the court in its instructions to the jury, construed the last clause to mean that appellant was required to take care of deceased and his wife in the event only that he, appellant, should reside upon and occupy the thirty-acre tract mentioned, we are not satisfied that the jury may not have been led by the clause in question to believe that under or by reason of it, appellant was not entitled to recover for the board of the grantors.

The fourth instruction given at the request of appellee tells the jury that before appellant would be entitled to recover upon his claim, he must show that there was a contract between him and Myers, wherein Myers agreed to pay for the board. The instruction is erroneous in that the word "contract" is used, leaving the jury to determine what constituted a "contract," and in effect intimating that there must be proof of an express contract, whereas proof of an implied contract would have been sufficient. Appellee's third instruction is subject to a like objection. The instructions were rendered specially misleading by the refusal of appellant's second instruction, which clearly and correctly defined both express and implied contracts.

Appellee's fifth given instruction which correctly tells the jury that no compensation of board could be charged "unless the facts and circumstances proven in the case show a contract, express or implied, that the same should be paid for," did not operate to cure the errors indicated, for the reason that it gives the jury no information as to what constitutes an implied contract.

Appellee's seventh given instruction tells the jury " that where parents go to make their homes with their children

the law presumes that such home is furnished as a gratuity, and no compensation can be charged therefor unless the facts and circumstances in the case show an express contract or that the facts and circumstances proven are such that the jury can reasonably infer that there was an express contract." This instruction is likewise erroneous. A contract which is inferred or raised by implication of law from facts and circumstances, is an "implied" and not an "express" contract. Express contracts are those in which the terms of the contract or agreement are openly and fully uttered and avowed at the time of making, while an implied contract, in fact, arises where there is not an express contract, but there is circumstantial evidence showing that the parties did intend to make a contract. (Bouv. L. D.) The law pertaining to this class of cases is laid down in the recent case of Neish v. Gannon, 198 Ill. 221, as follows: "It is well settled that where one person renders services to another with the assent and approval of the person for whom they are rendered, the law raises an implied promise to pay for the services, but where the family relation exists such implication does not arise from the mere rendition of the services, and in that case it will be presumed that the services were rendered as a gratuity, on account of the mutual obligations existing between the parties growing out of the family relation. Such presumption is, however, rebutted where the evidence establishes an express contract to pay for the services, or where, from the facts proven, it appears that at the time the services were performed both parties understood and expected that the party performing the services was to be compensated therefor, although no express contract to pay for the service is proven, in which case a contract will be raised, by implication of law, to pay for such services."

The instruction last referred to tended to indicate to the jury that appellant could not recover unless he proved an express contract on the part of Myers to pay for the board and services rendered. Although some of appellee's instructions may have stated the law accurately, the errors

indicated were not cured thereby. The jury not being judges of the law, are as liable to follow a bad instruction as a good one.   C. & N. W. Ry. Co. v. Dimick, 96 Ill. 42.

As the cause must be remanded for a retrial we will refrain from discussing the weight of the evidence.

*Reversed and remanded.*