## DAVISON, ET AL. v. NICHOLSON*
(No. 1343; January 31, 1928; 263 Pac. 605)

APPEAL AND ERROR—FINDING ON CONFLICTING EVIDENCE—FRAUDS, STATUTE OF—RAISED BY GENERAL DENIAL—OBJECTION TO ORAL EVIDENCE NECESSARY—OBJECTION TO PROOF REQUIRED—STATUTE INVOKED BY DEMURRER—DEMURRER INSUFFICIENT UNLESS PETITION SHOWS ORAL CONTRACT—INDEMNITY.

1. Where parties went bail on judgments against elevator company, acknowledgment being indorsed upon executions as provided in Comp. St. 1920, §§ 5943-5955, and upon being compelled to pay judgment subsequently brought an action against party who was alleged to have agreed to hold plaintiffs harmless on bail, and trial court found for plaintiffs that defendant did promise and agree he would protect them against loss on substantial conflict of evidence, *held* finding was binding on Supreme Court on appeal.

2. Statute of frauds may be raised on general denial, but failure to object to oral evidence or otherwise raise question during trial constitutes waiver of statute.

3. Defense of statute of frauds cannot be rasied for first time on appeal.

4. Where parties acknowledged bail on judgment subsequently were compelled to pay judgment and brought action on alleged oral promise to hold them harmless on bail, and defendant, in answer, denied making promise pleaded by plaintiff without specially pleading statute of frauds, *held* that, in order to avail himself of benefit of statute, defendant must in some manner object to plaintiffs' proof of contract so as to call trial court's attention to reliance on statute of frauds.

5. Where petition shows on its face that contract relied on by plaintiff is oral and within statute of frauds and no facts are pleaded to take it out of operation of statute, defense of statute may be invoked by demurrer.

6. Where petition in action on contract to save plaintiffs harmless, who had acknowledged bail on judgment, did not show on face that agreement was oral, demurrer on ground that no cause of action was stated did not invoke statute of frauds.

7. Where defendant was large stockholder in elevator company and property of that company was about to be seized and sold by person holding judgment against company, and defendant induced plaintiffs to execute stay bond under agreement to protect them, holding harmless and signing of stay bond constituted "confession of judgment" from date thereof under Comp. St. 1920, § 5949, *held* that signing of stay bond constituted valid consideration for promise to hold signers' harmless.

*See Headnotes:  (1) 4 C. J. p. 883 n. 33.  (2) 27 C. J. p. 370 n. 14; p. 374 n. 56.  (3) 3 C. J. p. 701 n. 87.  (4) 27 C. J. p. 373 n. 55 New.  (5, 6) 27 C. J. p. 372 n. 32; p. 373 n. 35.  (7) 31 C. J. p. 423 n. 91.

APPEAL from District Court, Fremont County; JAMES H. BURGESS, Judge.

Action by C. A. Davison and another against Oscar W. Nicholson. Judgment for plaintiffs, and defendant appeals.

*A. C. Allen,* for appellant.

This action is to enforce an alleged oral promise to pay the debt of another and is within the statute of frauds, Brandt S. & G. (3rd ed.) Vol. 1 Sec. 70; Eddy v. Roberts, 17 Ill. 506; Nugent v. Wolfe, 111 Pa. St. 471; May v. Williams, 61 Miss. 125; 27 C. J. 134; Gerow v. Riffe, (W. Va.) 2 S. E. 104; Peele v. Powell, (N. C.) 73 S. E. 234. The rule applies even to an officer of a corporation, 25 R. C. L. 93, p. 509, and cases cited. The oral promise to purchase real estate was void; the entire contract is inseparable, 27 C. J. 318; Fuller v. Reed, 38 Calif. 99. A general denial is sufficient to invoke the statute, Williams-Hayward Shoe Co. v. Brooks, 9 Wyo. 424, and cases cited; Phillips Code Pl. 334; Elliott Contracts, Vol. 2, Sec. 1224; Buhl v. Stephens, 84

Fed. 922; Wakefield v. Greenhood, 29 Calif. 599; May v. Sloan, 101 U. S. 231. Defense may be raised by demurrer, if petition shows contract was oral, 25 R. C. L. 399, and cases in note; there is an exception where part performance has occurred, Horton v. Stegmyer, 175 Fed. 756. The question is governed by our statute, 4719 C. S.; a collateral promise is within the statute, 27 C. J. 132, 145, 155 and 172.

*M. C. Burk,* for respondents.

The statute of frauds can be invoked by demurrer only when pleading shows contract was oral, 25 R. C. L. 747, and cases cited; if no objection is taken to the admission of evidence the point is waived, 25 R. C. L. 524; 27 C. J. 140-147. There was no evidence that the contract was one to purchase real estate; the transaction was an original undertaking on the part of defendant, for a consideration moving to him alone and for his benefit.

Before KIMBALL, Justice; TIDBALL and BROWN, District Judges.

*M. C. Burk,* for plaintiffs and respondents.

*A. C. Allen,* for defendant and appellant.

TIDBALL, District Judge.

On June 13, 1923, J. A. Linderholm obtained two judgments in the District Court of Fremont county against Riverton Elevator Company, said judgments aggregating some $3000. Executions were issued thereon in July, 1923, and on the same date that the executions were issued, the plaintiffs and respondents in the case at bar, in order to stay such executions, acknowledged themselves bail for the Riverton Elevator Company for the payment of said judgments together with the interest and costs accrued and to accrue, said acknowledgment being indorsed upon said executions, as provided in Article II, Chapter 372,

Wyoming Compiled Statutes of 1920. At the expiration of the stay period, the Riverton Elevator Company not having paid said judgments, plaintiffs and respondents were compelled to pay the same, and then brought the present action against the defendant Oscar W. Nicholson, to recover the amount so paid by them in satisfaction of said judgments. The action is predicated upon an alleged agreement of Nicholson, which plaintiffs' evidence showed to be oral, made before plaintiffs signed said bail for stay of execution, which oral promise was to the effect that if they would enter into such bail he would pay the judgments against the Riverton Elevator Company and hold plaintiffs harmless on such bail.

The trial court found for plaintiffs in the sum of $2500, the amount they were compelled to pay to satisfy the said judgments, and in the judgment made a general finding in favor of plaintiffs and also a finding that defendant "did promise and agree to and with the plaintiffs that he would protect them against loss or damage by reason of their signing bond in stay of execution of the judgments as in said petition set forth." This finding was made upon a substantial conflict in the evidence, and hence is binding on this court on this appeal.

The case is here by direct appeal, the specifications of error and the brief of appellant raising the point that the agreement of defendant was without consideration and was void under the statute of frauds, being a special promise to answer for the debt, default or miscarriage of another person. The defense consisted of a denial of the contract sued on and evidence denying the making of the agreement.

The statute of frauds may be raised under the general denial, but a failure to object to oral evidence or otherwise raise the question during the trial constitutes a waiver of the statute. Harn, et al. v. Patterson, 58 Okla. 694, 160 Pac. 924. H. P. Moore Lumber Co. v. Walker, et al., 110

Va. 775, 67 S. E. 374, 19 Ann. Cas. 314. Scharff v. Klein, 29 Mo. App. 551, where it is said:

"No case, however, can be found which goes to the extent that the defense of the statute (of frauds) may not be wavied, and it is evident that in order to make the defense available it must be asserted in some manner which calls the attention of the trial court to the fact that it is relied on as a defense."

See also 27 C. J. 374, and 2 Page on Contracts (2nd ed.) Section 1424, where it is said:

"If, however, no objection is made to the introduction of oral evidence tending to prove the contract, and no attempt in due form is made to exclude such evidence from the consideration of the jury before final submission upon the merits, the defense of the statute is thereby waived."

The defense of the statute of frauds cannot be raised for the first time on appeal. Page on Contracts (supra); 49 L. R. A. (N. S.) note, page 29.

In Williams-Hayward Shoe Co. v. Brooks, et al., 9 Wyo. 424, at page 432, 64 Pac. 342, 344, it is said:

"No doubt a defendant must in some manner assert the statute in order that he may claim its benefits; but he does so when he objects to the introduction of parol evidence offered as proof of a contract within the statute which in his pleadings he has denied."' See, also, Tregea v. Mills, on petition for rehearing, 11 Wyo. 438, 458; 73 Pac. 209.

We therefore hold that where the defendant in his answer denies the making of the contract pleaded by plaintiff without specially pleading the statute of frauds, he must, in order to avail himself of the benefits of the statute, in some manner object to the plaintiffs' proof of such contract and do this in a manner so as to call the trial court's attention to his reliance upon the statute of frauds.

We have searched the record painstakingly in the case before us and nowhere does it appear that the defendant relied in the trial court upon the statute. His answer is a denial of the contract. His evidence consisted of a denial of the making of the contract. The statute is not pleaded. He did not object to the plaintiffs' evidence of a parol agreement on the ground of the statute of frauds, either at the time the evidence was offered or later by motion. The statute is not mentioned nor referred to in the record made before the trial court during the trial.

At the close of plaintiffs' evidence, the defendant made a motion "for dismissal of plaintiffs' action." This motion was properly denied, there being no provision under our statutes for dismissal of a plaintiff's case for insufficiency of the plaintiff's evidence. Griggs v. Meek, (Wyo.) 261 Pac. 126. But even if such a motion might raise the question of the statute of frauds if made on that ground, the reasons assigned before the trial court for the making of the motion do not specifically raise that question. The nearest approach was: "No witness here has made any statement of any promise that Mr. Nicholson has made that would bind him under the law." That statement does not raise the question that the plaintiffs' evidence should be excluded because it attempts to prove an oral agreement within the statute.

We therefore think the statute of frauds was never properly raised during the trial.

Before the trial there was a demurrer filed by defendant to plaintiffs' petition on the ground that it failed to state facts sufficient to constitute a cause of action. Where the petition shows on its face that the contract relied on by plaintiff was oral and within the statute and no facts are pleaded to take it out of the operation of the statute, the defense of the statute may be invoked by demurrer. Williams-Hayward Shoe Co. v. Brooks, supra, at page 431 (64 Pac. 342). But the plaintiffs' petition does not allege

an oral agreement. Hence the demurrer did not invoke the statute.

The only remaining question is whether the contract claimed by plaintiffs and found by the trial court was supported by a valuable consideration. We think there is no question on this point. The evidence showed that defendant was a large stockholder in the elevator company and that the property of that company consisted of an elevator, which was about to be seized and sold by the person holding the judgments against that company. Defendant was interested in preventing that sale. As a consequence, he induced the plaintiffs to execute the stay bond above mentioned under an agreement to protect them and hold them harmless. The signing of the stay bond constituted a confession of judgment from the date thereof against the person and property of the bail. Section 5949, Wyoming Compiled Statutes of 1920. Thus, in order to save property in which the defendant was vitally interested, by a promise to protect them, he induced the plaintiffs to sign a stay bond which constituted a confession of judgment by the plaintiffs for the amount of the judgments against the company in which defendant was interested as a stockholder. This, we think, constituted a valid consideration which defendant is not in a position to deny.

Judgment affirmed.

*Affirmed.*

KIMBALL, Justice, and BROWN, District Judge, concur.