O'NEIL & SANTA CLAUS, LTD., Plaintiff-Appellant, *v.* XTRA VALUE IMPORTS, INC., Defendant-Appellee.

Third District    No. 76-527

Opinion filed July 11, 1977.

12

David B. Daley, of Sutkowski & Washkuhn, of Peoria, for appellant.

Robert C. Nesemann, of Heyl, Royster, Voelker & Allen, of Peoria, for appellee.

Mr. JUSTICE BARRY delivered the opinion of the court:

Plaintiff, O'Neil & Santa Claus, Ltd., is a Nevada corporation engaged in wholesale selling of Christmas tree lights, decorations, and other

related paraphernalia. Defendant, Xtra Value Imports, Inc., is a New York corporation that manufactures Christmas lights and ornaments and similar merchandise. Plaintiff filed suit in the Circuit Court of Peoria County seeking to recover a judgment against defendant for commissions on customer orders for defendant's merchandise solicited by plaintiff. In count I of the two-count complaint, plaintiff alleged that the business relationship that existed between plaintiff and defendant was based on an express oral contract for plaintiff to solicit customers as a manufacturing representative for defendant in return for commissions on merchandise sold and that defendant had failed to pay the commissions on sales that resulted from plaintiff's solicitation of orders. In the alternative plaintiff alleged in count II that an implied contract for plaintiff to act as manufacturer's representative for defendant existed and that defendant owed to plaintiff certain commissions for customer orders and sales solicited in defendant's behalf by plaintiff. Plaintiff has appealed from the trial court's entering judgment at the close of plaintiff's evidence in favor of defendant.

■■  At the outset we conclude that the trial court, sitting as the trier of fact, properly disregarded the *Pedrick* standard (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504), and instead considered all the evidence, including the weight and quality of the evidence and the credibility of the witnesses in entering a judgment for defendant at the close of plaintiff's evidence. (*City of Evanston v. Ridgeview House, Inc.* (1976), 64 Ill. 2d 40, 349 N.E.2d 399.) We view the sole issue presented for review as whether the trial court's granting of defendant's motion for judgment pursuant to section 64(3) of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 64(3)) was contrary to the manifest weight of the evidence.

The facts upon which plaintiff seeks to establish a binding express oral contract or alternatively a contract implied in fact or in law are controverted. Even though the evidence is conflicting it is clear that the terms of this alleged oral contract are vague, indefinite and' uncertain. At best the evidence suggests a history of past dealing practices which form a basis for filling in the missing and uncertain terms of the oral contract. The record indicates that plaintiff commenced to serve defendant as a manufacturer's representative in 1969 and continued in that capacity until 1972 when the formal business relationship apparently broke down. The defendant testified that their business relationship terminated at the end of 1972 and plaintiff testified that it terminated in 1973. There was also great disparity in the percentage commission rate that was to be paid. Commissions were paid to plaintiff for the years 1969 through 1971. Plaintiff introduced into evidence defendant's price lists, invoices, and a commission schedule. The evidence also tended to prove that other

unrelated business transactions existed between plaintiff, defendant and other enterprises in which the presidents of both plaintiff and defendant were actively involved. Although defendant admitted paying some commissions to the employees of plaintiff during 1972 pursuant to an agreement between plaintiff and defendant, this was done in settlement of certain disputed outstanding accounts between them and other related enterprises.

■■■ Having examined the evidence in the record we believe the trial court's entering judgment for defendant was supported by the manifest weight of the evidence. The evidence plaintiff introduced, in an attempt to establish the existence of an enforcible oral contract, failed to establish such matters as the duration of the relationship, the area in which the plaintiff was to solicit sales, whether sales quotas were imposed as part of the agreement, the extent of the services plaintiff was to perform, and what the agreed commission rate would be. While plaintiff's president testified that the parties operated under their oral agreement between 1969 and 1973 he could not recall the terms of the agreement. When asked what the terms of the oral agreement were, plaintiff's president replied "very loose." In order for a contract to be binding and enforceable its terms must be definite or certain. (*Kraftco Corp. v. Koblus* (4th Dist. 1971), 1 Ill. App. 3d 35, 274 N.E.2d 153.) We agree with the trial court that plaintiff failed to establish, by a preponderance of the evidence, the existence of a contract with definite and certain terms. The facts of the *Kraftco Corp. v. Koblus* are analogous to the case at bar and the holding there is controlling. Where certainty is lacking in the essential terms of the contract, the court will not supply the missing essential terms. The trial court properly weighed the evidence, including the credibility of the witnesses. For the record the trial court stated "that the evidence did not establish the truth of the allegations with respect to anything that took place in 1973." Although there was evidence of work done by plaintiff, the terms of the oral contract were hotly contested.

■■■ Concerning the alternative theory of recovery upon a contract implied in fact, the plaintiff also failed to prove by preponderance of the evidence that he was entitled to recovery. To prove a contract implied in fact the essential terms of the contract must be supplied by implication from the parties' conduct or actions. A contract implied in fact is one arising where there are facts and circumstances from which, in connection with applicable legal principles, a meeting of the minds can be inferred. (*Hickey v. Chicago City Ry. Co.* (1st Dist. 1909), 148 Ill. App. 197; *Turner v. Owen* (3d Dist. 1905), 122 Ill. App. 501.) The parties did engage in a series of past transactions, but the trial court as the trier of fact found that such past conduct was not sufficiently defined and certain

enough to form the basis of an agreement by implication from the parties conduct. We agree.

■■■ With regard to plaintiff's attempt to recover under a contract implied in law or quantum meruit there is little evidence in the record to prove what actual services were performed by plaintiff for defendant or what the actual value of the services was. In order to be successful upon a contract implied in law or quantum meruit plaintiff needed to prove: (1) performance of services; (2) the reasonable value of those services; and (3) the receipt by the defendant from the plaintiff of a benefit which it would be unjust for him to retain without paying the plaintiff. (*Nardi & Co. v. Allbastro* (1st Dist. 1974), 20 Ill. App. 3d 323, 314 N.E.2d 367.) A contract implied in law, which is equitable in nature, exists where there is a plain duty and a consideration. (*First National Bank v. Glenn* (1st Dist. 1971), 132 Ill. App. 2d 322, 270 N.E.2d 493.) Plaintiff readily admits in its brief that a material difference existed between the testimony of defendant's president and plaintiff's employees as to the rate of commissions to be paid. The trial court found that the terms of the contract and particularly the value of and the extent of the services rendered by the plaintiff were not proved by a preponderance of the evidence. The manifest weight of the evidence supports the trial court's conclusion that there was insufficient evidence introduced by plaintiff as to what the services allegedly performed by plaintiff were reasonably worth in order to recover under a theory of quantum meruit.

For the reasons stated the judgment of the Circuit Court of Peoria County is affirmed.

Judgment affirmed.

STENGEL, P. J., and SCOTT, J., concur.