DOUGLAS RESERVOIRS WATER
USERS ASSOCIATION, Appellant
(Defendant below),

v.

Richard S. CROSS and Rita Kaye Cross,
Appellees (Plaintiffs below).

Richard S. CROSS and Rita Kaye Cross,
Appellants (Plaintiffs below),

v.

DOUGLAS RESERVOIRS WATER
USERS ASSOCIATION, Appellee
(Defendant below).

Nos. 4739, 4740.

Supreme Court of Wyoming.

Oct. 12, 1977.

B. J. Baker, Brown, Drew, Apostolos, Massey & Sullivan, Casper, signed the briefs and appeared in oral argument on behalf of the appellees and cross-appellants, Richard S. Cross and Rita Kaye Cross.

Thomas A. Burley, Douglas, signed the brief and appeared in oral argument on behalf of the appellant and cross-appellee, Douglas Reservoirs Water Users Ass'n.

Before GUTHRIE, C. J., and McCLIN-TOCK, RAPER, THOMAS and ROSE, JJ.

RAPER, Justice.

The plaintiffs-appellees—cross-appellants brought action against the defendant-appellant—cross-appellee for damages to plaintiffs' property, arising out of a flood caused by a break in defendant's canal allegedly resulting from negligent repair and maintenance. The district judge, trying the case without a jury, found negligence and awarded plaintiffs $12,125.00.

Defendant asserts in this appeal that there was insufficient evidence to support a finding of negligence, the evidence showing

the loss to plaintiffs to be an act of God and damages awarded were excessive even if negligence of defendant was proven by plaintiffs. The only ground for defendant's attack on damages, which we shall consider, is that plaintiffs failed to prove a diminution in the value of the property from what it was immediately before the injury and its value after the injury.

On the cross-appeal, the plaintiffs contend that the court erroneously denied damages for the loss of plaintiffs' shed or barn and that there was no basis for the court's denial of all damages proven by them.

We shall affirm in part and direct a modification of the trial court's judgment.

On May 29, 1974, sometime after 12:30 a. m., a flood occurred along an intermittent stream, located in a wide draw called Five Mile Creek, which runs through a ranch called the "Hart Ranch," owned by plaintiffs and purchased by them earlier that same year. The water that caused the flood came from a break that occurred in the LaPrele Canal on the east side of Five Mile Creek. The day before, May 28, 1974, a substantial rain had occurred in the area commencing about 2:00 in the afternoon and ending about 7:30 in the evening. The break occurred at the same location on the canal where water had forced its way through the year before, when the ranch was owned by another.

The trial judge entered the following findings of fact:[1]

"1. That the specific acts or omissions on the part of the defendant which constituted negligence in the repair of the canal are as follows:

"(a) At the time the break which occurred in 1973 was repaired the persons repairing the said canal for defendant failed to remove a layer of sandstone or shale that existed as the bottom of the break and a proper foundation was never established upon which the lower embankment of the ditch or canal could be built.

"(b) The material used to repair the break of 1973 was not properly compacted.

"2. The source of the water causing the damage was water from plaintiff's canal which flowed through the break that occurred on May 29, 1974. This was the only source of water that contributed to the damage suffered by plaintiffs.

"3. The negligence of defendant in repairing the 1973 break in the canal as set forth in finding number 1 above was the proximate cause of the wash-out of the canal bank and the cause of the damage complained of.

"4. The preponderance of the evidence showed that the wash-out of 1974 occurred as the result of the negligent acts of defendant set forth in finding number 1 above, and there was no other substantial evidence that the wash-out could have occurred from any other cause.

"5. The only testimony introduced with respect to the portion of the damage caused by the 1974 flooding was the testimony of plaintiff, Richard S. Cross. The testimony of plaintiff, Richard S. Cross, showed that one-half to one-third of the damage to Reservoir No. 1 existed prior to the 1974 flooding and that the remainder of the damage was caused by the 1974 flooding. Plaintiff Richard S. Cross testified that one-third of the damage to the other reservoirs existed prior to the 1974 flooding and that the remainder of the damage was caused by the 1974 flooding. Plaintiff Richard S. Cross testified that one-tenth of the silt that needs to be cleaned from the reservoirs was in the reservoirs prior to the 1974 flooding and that the remainder of the silt was deposited by the 1974 flooding. Plaintiff Richard S. Cross testified that all the remainder of the damage was caused by the 1974 flooding.

"6. The specific facts that show that defendant failed to exercise reasonable care and skill in its attempt to prevent injury to the plaintiffs from the canal are the acts or omissions on the part of the defendant in the repair of the 1973 break in the canal, as

1. The defendant timely before trial requested findings of fact in the particulars covered by the court. The defendant did not request findings requiring itemization of damages.

set forth in finding number 1 above and the actions of the defendant in failing to reduce the flow of the canal at a time when defendant had actual knowledge that the canal was full and running over. The evidence also showed that defendant had failed to make adequate provision to provide for the drainage from Five Mile Creek draw.

"7. Plaintiffs are not entitled to the damages for loss of crops because such damages were not adequately proved. Plaintiffs are not entitled to damages for the loss of the shed or barn because plaintiffs failed to prove the value of the building before and after the flood. Plaintiffs sustained and are entitled to recover damages in the sum of $12,125.00 plus costs from defendant.

"8. Generally in favor of plaintiffs and against defendant."

█ In matters of evidence on review, we apply the monotonously-repeated rule that an appellate court must assume evidence in favor of a successful party to be true, leave out of consideration the conflicting evidence of the unsuccessful party and give the evidence of the successful party every favorable inference which may be reasonably drawn from it. *Oedekoven v. Oedekoven,* Wyo.1975, 538 P.2d 1292; █ Appeal and Error, West's Digest System. A recognition of the foregoing may avoid some disappointment at the results obtained in this court. *Hawkey v. Williams,* 1955, 73 Wyo. 463, 281 P.2d 447. On the question of negligence, the record in this case contains nothing to rebut that presumption. Indeed, there is hardly any controversy in the facts, some of the evidence of negligence coming from the defendant's own witnesses. On the issue of damages, the presumption in favor of the trial court's holding is applicable in part but not appropriate in another, which we shall resolve during the course of this opinion.

█ While there was an intense rainfall, under precedent of this court, a flood must be of such an unusual and extraordinary manifestation of the forces of nature that it could not have been anticipated under normal conditions in order to be classified as an act of God. *Jacoby v. Town of City of Gillette,* 1946, 62 Wyo. 487, 174 P.2d 505, 169 A.L.R. 502, reh. den., 62 Wyo. 487, 177 P.2d 204. There was evidence of similar storms in past years, so there is no support for defendant's defense that an act of God caused plaintiffs' loss. The burden was on the defendant to show by way of an affirmative defense that the loss was due solely to an act of God. *Sky Aviation Corporation v. Colt,* Wyo.1970, 475 P.2d 301, 44 A.L.R.3d 854.

The last issue concerns damages. We have no problem concluding that there was damage, at least to the extent allowed by the trial court. The findings of fact with respect to damages contained no itemization, by way of a special finding, of the court's computation of damages and were only explanatory in paragraph numbered "7," as follows: "7. Plaintiffs are not entitled to damages for loss of crops because such damages were not adequately proved. Plaintiffs are not entitled to damages for the loss of the shed or barn because plaintiffs failed to prove the value of the building before and after the flood. * * *"

Our difficulty with the issue of damages is not with whether there were damages but with the court's ultimate determination of amount. All the damages were to the land and its improvements.[2] The plaintiffs approached the problem from a cost-of-repair basis. The defendant insists that the only way damages to realty can be determined is by the before-and-after rule that the measure of damages for injury to real property is the difference between the value of the property before and after the injury.

---

**2.** The evidence shows land damage caused by erosion, such as washing away of topsoil, cutting of gulleys and deposit of silt. Injury was done to reservoirs and irrigation ditches. Improvements, such as corrals, feed racks, water lines, hydrants and tanks, required repair and replacement.

■ This court has recently discussed that rule of damages in summary holding that while damages may not be calculable with absolute certainty, they should be susceptible of ascertainment with a reasonable degree of certainty and if there is evidence from which a reasonable estimate of money damages may be made that is sufficient, the primary objective being to determine the amount of loss, applying whatever rule is best suited to that purpose. *Wheatland Irrigation District v. McGuire*, Wyo.1977, 562 P.2d 287. This court there, then went on to confirm from its previous decisions that the before-and-after rule should not be rigidly applied to the exclusion of all other considerations.

■ It appears to us that the method by which plaintiffs elected to prove damages was well suited to the type loss sustained and does demonstrate the real loss and cost of restoring themselves to the position previously enjoyed. The objective and office of damages is to compensate for loss. *Walton v. Atlantic Richfield Company*, Wyo.1972, 501 P.2d 802. The method adopted shows expenditures required to rehabilitate the land and improvements to their former condition.

Examination of the record discloses that the defendant produced evidence showing that the barn or shed was in bad shape before the flood, its foundation apparently having been displaced by some previous heavy storm. It was located in a draw, subject to heavy washing action. It is obvious that the trial court was dissatisfied with a conclusion that the shed or barn was in the good shape before the storm in question, plaintiff claims it was, and so failed in their evidence to show a greater value before than after the flood and resolved the conflict in favor of defendants. One of the defendant's witnesses said that one of the plaintiffs advised him there was pre-existing damage from a previous flood. Another of defendant's witnesses testified that when he observed it a week or 10 days before the flood, the shed was in bad shape, was tipped and appeared likely to fall off the foundation. Plaintiff, Richard S. Cross, and another witness said it was in good shape.

Except with respect to the barn, plaintiffs' evidence of damages stands uncontradicted. We have searched the record and cannot find wherein the evidence of plaintiffs in regard to other damages was impeached, was equivocal, improbable or inconsistent. The defendant produced no evidence of its own that damage did not occur or costs to repair should be less than shown by evidence produced by plaintiffs; that is, of course, with respect to losses other than the barn or shed claimed by plaintiffs. The court awarded damages of $12,125.00; plaintiffs' uncontradicted evidence was that damages, other than the barn or shed, amounted to $18,091.39.[3]

■ While the trier of fact should be accorded considerable freedom in evaluating the testimony of witnesses, uncontradicted and unimpeached testimony cannot arbitrarily be disregarded. A litigant is

---

**3.** Evidence in the record verifies the following to be uncontradicted:

| "Repair of reservoirs | $ 2,507.14 * |
|---|---|
| Replace corrals | 2,280.00 |
| Replace feed racks | 1,614.00 |
| Replace water lines, hydrants and tanks | 975.00 |
| Fill gulleys | 1,600.00 |
| Replace topsoil in refilled areas | 1,600.00 |
| Remove silt from reservoirs | 864.00 ** |
| Replace overflow pipes | 4,691.00 |
| Repair ditches | 495.00 |
| Reseed eroded areas | 300.00 |
| Remove silt from corrals | 495.00 |
| Replace fences | 475.25 |
| Correct meadow erosion | 195.00 |
| Total | $18,091.39 |

"* The lowest bid received for repairing the reservoirs regardless of how complete it was, was $3,900.00. The testimony was that one-third or one-half of the damage to reservoir number 1 was pre-existing and no more than one-third of the damage to the remaining six reservoirs was pre-existing. The damage to the reservoirs is therefore computed as follows: $(\frac{1}{2} \times \frac{1}{7} + \frac{2}{3} \times \frac{6}{7}) \times \$3,900.00 = \$2,507.14$.

"** The testimony was that 1/10 of the silt was in the reservoirs before the 1974 flood so the cost of removing the silt—$960.00—was reduced by 10%."

entitled to assume that unattacked evidence, properly presented, will receive consideration. *Beck v. Givens*, 1957, 77 Wyo. 176, 309 P.2d 715, reh.den., 77 Wyo. 176, 313 P.2d 977. For a case confirming the rule but showing contradiction, see *Ward v. Yoder*, Wyo.1960, 355 P.2d 371, reh.den., 357 P.2d 180. See also *Twing v. Schott*, 1959, 80 Wyo. 100, 338 P.2d 839.

The facts being disputed as to the barn, the court must regard only the evidence most favorable to the successful party, together with all its favorable inferences. *In re Stringer's Estate*, 1959, 80 Wyo. 389, 343 P.2d 508, mod. and reh.den. 80 Wyo. 389, 345 P.2d 786. The trial court, when it found that the plaintiffs failed to prove the value before and after the flood, was only finding that any damage that existed after the flood was damage that existed before the food and there is nothing in the evidence to show it was the complete loss claimed by plaintiffs. As said by one witness, he could not see any difference except that it was tipped a little more.

Where there is no evidence which gives rise to a conflict, this court has the right and duty to examine the record and reach our own independent conclusion from the substantial evidence there contained. *In re Stringer's Estate, supra.* The defendant put in no evidence to answer that of plaintiffs with respect to damages, other than the barn, and filed no brief in response to plaintiffs' cross-appeal on the issue of damages. The trial judge at no point in the record explains why plaintiffs' claim was reduced nor does the record reflect a reason. In such an attitude and there being nothing else to the contrary, we can only conclude that the defendant has no valid position with respect to the other damages. The presumption in favor of the trial court's conclusion cannot then apply.

Affirmed but modified. Remanded with directions to vacate judgment for $12,125.00 and enter judgment in favor of the plaintiffs in the sum of $18,091.39.