GREGORY PANKO, Plaintiff-Appellant, *v.* ADVANCED APPLIANCE SERVICE, Defendant-Appellee.

First District (2nd Division)   No. 76-378

Opinion filed November 15, 1977.

Gregory Panko, of Chicago, for appellant, *pro se.*

No brief filed for appellee.

Mr. JUSTICE PUSATERI delivered the opinion of the court:

Plaintiff, Gregory Panko, commenced this action for defendant's breach of an oral personal service contract pertaining to the servicing of a certain food waste disposer owned by the plaintiff. Following a bench trial, the court found in favor of the defendant. Plaintiff has appealed contending that: (1) the trial court erred in denying him damages, or in the alternative that he should have been granted specific performance of this oral contract, and (2) in the absence of a timely appearance filed by the defendant, the trial court should have properly entered a default judgment against him. The facts upon which plaintiff seeks to establish a binding express oral contract are in dispute and are controverted.

On June 13, 1975, plaintiff filed his complaint commencing this cause of action. The return date was July 15, 1975. Defendant was served on June 19, 1975, and thereafter on July 5, 1975, filed a statement in response to plaintiff's allegations with the clerk of the circuit court of Cook County. Plaintiff did not receive a copy of such statement at that time. On September 2, 1975, plaintiff made a motion to strike defendant's statement and for entry of a default judgment since defendant had not filed an appearance on or before July 15, 1975. The court denied plaintiff's motion and allowed the defendant an additional 30 days in which to file an appearance. On September 23, 1975, defendant filed its appearance.

At trial, plaintiff testified that on March 13, 1975, he called the defendant on the telephone inquiring about the possibility of servicing his food waste disposer. Defendant's manager informed the plaintiff there was a minimum service charge for up to 15 minutes of servicing and that there was a continuation charge arrangement per 15 minutes for any services in excess of 15 minutes. There was no discussion concerning the possibility of additional service calls.

On March 18, 1975, defendant's service technician came to plaintiff's location and partially serviced plaintiff's disposer. However, he advised plaintiff at the time that he did not have the proper replacement parts to fully repair the disposer, and that his employer, the defendant, did not stock these parts. The parties at that time agreed that if plaintiff obtained the proper replacement parts, defendant would install them. Plaintiff testified that he then paid the service call charge, and that no further discussion ensued regarding the charge arrangement. Defendant controverted this testimony by reading a written statement of his service technician which stated that the service technician advised the plaintiff at that time that there would be a second minimum service charge for any further servicing of the disposer that took place after 30 days, and that the plaintiff had asked the service technician not to relay to his employer the fact that he (the plaintiff), was so informed of the additional charge; however, the service technician refused to comply with the plaintiff's request.

Plaintiff obtained the necessary parts after the 30-day period elapsed and thereafter called the defendant's manager asking for installation service at the continuation rate per 15 minutes. Defendant's manager stated that it would be necessary for plaintiff to pay a second minimum service charge before the continuation rate would apply.

■■ Although defendant-appellee has not filed a brief in this cause, the relative uncomplication of the issues and claimed errors aid us in our determination to consider the merits of this appeal without the aid of any

such brief. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493; *Blanchette v. Martell* (1st Dist. 1977), 52 Ill. App. 3d 1029, 368 N.E.2d 458.

■■ Plaintiff initially contends that the trial court erred in denying him damages for breach of the purported oral contract. However, it is well established that in order for an oral contract to be binding and enforceable, its terms must be definite and certain. (*O'Neil & Santa Claus, Ltd. v. Xtra Value Imports, Inc.* (3d Dist. 1977), 51 Ill. App. 3d 11, 365 N.E.2d 316; *Kraftco Corp. v. Koblus* (4th Dist. 1971), 1 Ill. App. 3d 635, 274 N.E.2d 153.) Where it appears that the language used or the terms proposed are understood differently by the parties, there is no meeting of the minds and hence no contract exists between them. *Barraia v. Donoghue* (1st Dist. 1977), 49 Ill. App. 3d 280, 364 N.E.2d 952; *Richton v. Farina* (1st Dist. 1973), 14 Ill. App. 3d 697, 303 N.E.2d 218.

■■ The evidence presented by the plaintiff failed to establish an agreed price term between the parties for service calls beyond the initial call. Since the contract presumably contemplated the total repair of the disposer, we conclude that there was no meeting of the minds regarding this essential term and hence no contract. Where certainty is lacking in the essential terms of the contract, the court will not supply the missing essential terms. *O'Neil & Santa Claus, Ltd. v. Xtra Value Imports, Inc.* (3d Dist. 1977), 51 Ill. App. 3d 11, 365 N.E.2d 316.

■■■ Even assuming *arguendo*, that both parties only contemplated the terms and conditions agreed on prior to the initial service call as constituting a complete contract, those terms and conditions were fulfilled. Any subsequent discussions between the parties were merely negotiations, which never fructified into a contract. The facts concerning the possibility of a second service call were controverted. The defendant's evidence was that the plaintiff was informed at the time of the initial service call that there would be an additional minimum service charge after 30 days. Plaintiff denies receiving this information, and the issue thus remains one of credibility, to be resolved by the trier of fact. (*Smith v. Realcoa Construction Co.* (1st Dist. 1973), 13 Ill. App. 3d 254, 260, 300 N.E.2d 855.) Moreover, the written statement read into evidence by the defendant was properly considered by the trial court since there was no objection made thereto by the plaintiff; the fact that the plaintiff appeared *pro se* does not alter this rule. *People v. Serrano* (1965), 32 Ill. 2d 84, 203 N.E.2d 885; *City of Chicago v. Thorandos* (1st Dist. 1967), 88 Ill. App. 2d 244, 232 N.E.2d 73.

Whether an oral contract exists, its terms and conditions and the intent of the parties are questions of fact to be determined by the trier of fact. (*Trustees of Schools v. Schroeder* (1st Dist. 1971), 2 Ill. App. 3d 1009, 278 N.E.2d 431.) A reviewing court may not reverse the judgment of the trial

court merely because different conclusions could be drawn. (*General Grocer Co. v. Bachar* (3d Dist. 1977), 51 Ill. App. 3d 907, 365 N.E.2d 1106.) Having studied the evidence in the record, we concur with the trial court's finding, that the plaintiff failed to establish the existence of a contract clear and definite in its terms, by a preponderance of the evidence. *Kraftco Corp. v. Koblus* (4th Dist. 1971), 1 Ill. App. 3d 635, 274 N.E.2d 153.

■■ The plaintiff also sought specific performance of the alleged contract as an alternative form of relief. However, the granting of this equitable relief rests with the sound judicial discretion of the trial court and must be based upon clear and convincing proof of the terms of the alleged oral contract. (*Chabot v. Kelly* (1st Dist. 1966), 72 Ill. App. 2d 150, 218 N.E.2d 868, *cert. denied* (1967), 386 U.S. 971, 18 L. Ed. 2d 132, 87 S. Ct. 1166.) Predicated upon the determination of the trial court, with which we concur, that the parties never entered into a binding contract, in that there was no agreement of the essential price terms, it necessarily follows that specific performance must be denied. *Terracom Development Group, Inc. v. Coleman Cable & Wire Co.* (1st Dist. 1977), 50 Ill. App. 3d 739, 365 N.E.2d 1028.

■■ ■ Plaintiff's final contention is that the trial court should have entered a default judgment against the defendant since the defendant failed to file his appearance within the 30-day return date period specified. However, the trial court's granting the defendant additional time in which to file his appearance was in accord with long-standing precedent; the entry of a default judgment is discretionary and should only be employed as a last resort. (*Smith v. National Drag Racing Enterprises Inc.* (2d Dist. 1974), 24 Ill. App. 3d 91, 320 N.E.2d 43 (abstract); *Dienthal v. Branovicki* (1st Dist. 1974), 23 Ill. App. 3d 726, 320 N.E.2d 77.) Moreover, in an instance such as in the case at bar, where the issues are relatively uncomplicated, it is not even an abuse of discretion to allow a defendant to file his answer instanter and to thereafter proceed to trial, since the ends of justice are better served by trial on the merits than by entering default judgments. *Rowe v. Mardis* (1st Dist. 1955), 4 Ill. App. 2d 81, 123 N.E.2d 340 (abstract).

For the reasons specified heretofore, we conclude that the judgment rendered by the circuit court was proper. The plaintiff failed to establish the existence of an oral contract clear and definite in its terms by a preponderance of the evidence. Accordingly, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

DOWNING, P. J., and STAMOS, J., concur.