**JIM'S WATER SERVICE, INC., a Wyoming Corporation, Appellant (Defendant),**

v.

**Larry ALINEN, Appellee (Plaintiff).**

**No. 5211.**

Supreme Court of Wyoming.

March 28, 1980.

H. W. Rasmussen (argued) of Badley, Rasmussen & Shoumaker, Sheridan, for appellant.

John W. James (argued) and John A. Zebre, Rock Springs, for appellee.

Before RAPER, C. J., and McCLINTOCK, THOMAS, ROSE and ROONEY, JJ.

ROONEY, Justice.

After a trial to the court, a judgment was entered in favor of plaintiff-appellee, the trial court having found generally in his favor on both his complaint and defendant-appellant's counterclaim. Appellant and appellee orally agreed that appellant would sell a White tractor truck to appellee with the purchase price to be paid from one-half of the amount earned by appellee through use of the truck in appellant's business, such use to be compensated at the rate of $18.00 per hour. After the truck was so used for about eight months, appellee returned it to appellant, contending he did so under an agreement with appellant that appellant would return the payments already made toward purchase of it. Appellant contended that the return of the truck was a breach of the contract. The pleadings of each party alleged breach of contract and unjust enrichment by the other. We affirm.

There was a direct conflict of material facts concerning the terms of the contract (for example, appellant contends the purchase price was $27,000 plus 12% interest and appellee contends it was $24,000), and concerning the alleged breaches or termination of it.

The trial court made the following findings among others: The oral agreement for sale of the truck was for a total price of $24,000 without interest. Appellant was to pay for the PSC permit, road taxes and fuel. Appellee was to pay for the repairs and drivers' salaries. Under the agreement by which appellee was to pay 50% of the gross earnings of the truck from use on appellant's business, and allowing for repair deductions, $18,274.34 was paid by appellee toward the purchase price. In August 1977, appellee orally offered to pay the balance of the purchase price and appellant refused to accept it. Appellee had performed all con-ditions to be performed by him under the contract as of that time. Then appellant orally told appellee that if he would return the truck, appellant would refund "what Alinen [appellee] had in it." The truck was returned. Appellant sold the truck to a third party for $24,000 or $24,500. The trial court made other findings which concern other issues raised in the case but which were not presented on appeal.

Although appellant directs our attention to the fact that some of the findings of the trial court were directly contrary to some of the testimony, there was other substantial evidence to support each of the findings, and the trial court referred to such other evidence in its opinion letter.

In *Sagebrush Development, Inc. v. Moehrke*, Wyo., 604 P.2d 198 (1979), we quoted the following from *Douglas Reservoirs Water Users Association v. Cross*, Wyo., 569 P.2d 1280, 1283 (1977):

> " 'In matters of evidence on review, we apply the monotonously-repeated rule that an appellate court must assume evidence in favor of a successful party to be true, leave out of consideration the conflicting evidence of the unsuccessful party and give the evidence of the successful party every favorable inference which may be reasonably drawn from it. * * ' " 604 P.2d at 200.

Oral contracts often present the necessity for factual determinations in addition to those necessary in controversies over written contracts. " * * * 'Ordinarily, the construction or legal effect of a contract must be determined by the court as a question of law' * * *." *Goodson v. Smith*, 69 Wyo. 439, 468, 243 P.2d 163, 176 (1952), reh. den. 69 Wyo. 472, 244 P.2d 805 (1952); *United States v. Nickel*, 10th Cir. 1957, 243 F.2d 924; *Engle v. First National Bank of Chugwater*, Wyo., 590 P.2d 826 (1979). However, whether an oral contract exists, its terms and conditions, and the intent of the parties are questions of fact to be determined by the trier of fact. *International Glass Co. v. Krouse*, 3rd Cir. 1922, 282 F. 206; *Solomon v. Luria*, 213 Pa.Super. 87, 246 A.2d 435 (1968); *Panko v. Advanced*

*Appliance Service*, 55 Ill.App.3d 301, 13 Ill. Dec. 308, 371 N.E.2d 3 (1977). Of course, the determination of the legal effect of an oral contract is a question of law. *Stagner v. Staples*, Mo.App., 427 S.W.2d 763 (1968); *McCormack v. Jermyn*, 351 Pa. 161, 40 A.2d 477 (1945). And when there is no conflict in the evidence as to the terms of the oral agreement, or the words of the oral agreement can have but one meaning, construction of the agreement is one of law for the court's determination in the same manner as that of a written contract. *Green v. Richmond*, 369 Mass. 47, 337 N.E.2d 691 (1975); *Walton v. Piqua State Bank*, 204 Kan. 741, 466 P.2d 316 (1970); *Van Ruiten v. Van Ruiten*, 268 Cal.App.2d 619, 74 Cal. Rptr. 186 (1969).

■ We have already noted that there was substantial evidence to support the findings of fact made by the trial court. When such evidence exists, we will not disturb the findings on appeal. *LeBar v. Haynie*, Wyo., 552 P.2d 1107 (1976); *Roberts Construction Company v. Vondriska*, Wyo., 547 P.2d 1171 (1976).

Appellant argues four propositions:

1. "The district court erred in finding that the parties had terminated their sales contract and formed a new contract for the return of the truck and payment of the money retained by the appellant, defendant, Jim's Water Service, Inc."

2. "Jim's Water Service, Inc. was not in default on the original oral contract, the appellee, on the other hand, did not perform, was unable to perform and rescinded the contract."

3. "Even if the appellant should make restitution to the appellee, the appellant is entitled to an offset for reasonable rental value and other economic factors which specifically went to the benefit of the appellee."

4. "The district court erred in not recognizing that the appellee was in default and improperly failed to grant

appellant damages for breach of contract."

Much of appellant's argument challenges the findings of fact made by the trial court. As indicated, such findings were supported by substantial evidence. Therefore, we will not further address these challenges, but will restrict our further consideration to the allegations of errors of law which are contained within appellant's arguments.

## CONTRACT STATUS

Propositions numbered 1, 2, and 4 argued by appellant involve the question of the status of the contract or contracts. In proposition No. 1, appellant refers to error in finding the contract terminated. In proposition No. 2, appellant alleges that appellee "rescinded" the contract. And in proposition No. 4, appellant refers to error in failure to find a "default" or breach of contract by appellee.

The trial court found that appellee had fully performed under the contract up to the time he offered to pay the balance of the purchase price. The trial court concluded that appellant breached the contract by refusing to accept the offered balance. It further concluded that a second oral contract was entered into between the parties under the terms of which appellee was to return the truck and appellant was to refund the payments made by appellee.

■ Appellant argues that the "second contract" was within the proscription of the Statute of Frauds.[1] We will not consider this contention since, as pointed out by appellee, the Statute of Frauds defense was not pleaded by appellant, it was not brought to the court's attention during the trial, and appellant did not object on this basis to evidence relative to the existence of the contract. The defense of the Statute of Frauds is therefore waived and barred and cannot be considered for the first time on appeal. *Adams v. KVWO, Inc.*, Wyo., 570 P.2d 458 (1977); *Davison v. Nicholson*, 37 Wyo. 412, 263 P. 605 (1928); *Lucksinger v. Salisbury*, 72 Wyo. 164, 262 P.2d 396 (1953).

---

1. Appellant's prime contention with respect to the "second contract" was that it never entered into it. The trial court made a finding of fact to the contrary.

Appellant argues that there was a lack of consideration for the "second contract." Looking first at the consideration in the initial oral contract: (1) the consideration running to the appellee consisted of immediate possession of the truck, eventual receipt of title for it, assignment of jobs by appellant upon which the truck could be used, receipt of $18.00 per hour for usage of the truck on such jobs, furnishing of fuel by appellant for operation of the truck, and payment by appellant of PSC permit and road taxes; (2) the consideration running to the appellant consisted of the right to assign jobs to appellee upon which the truck could be used, profit obtained from jobs on which the truck was used[2], receipt of sale price of truck with payments to be in amount of $9.00 per hour of usage of truck on jobs assigned to appellee, and appellee to make necessary repairs on the truck.

There was testimony that in July and August, appellant failed to assign jobs to appellee upon which the truck could be used.[3] Rather it assigned the jobs to others. Such assignments to appellee decreased "[a]bout eighty percent. Sometimes ninety. A lot we'd just sit in the yard." Such evidence was sufficient to support the court's finding that appellant was in default on the agreement. It did not furnish the agreed consideration.

Thereafter, appellee attempted to settle the disagreement and terminate the entire matter by offering to pay the balance due on the truck purchase, but appellant refused.

The "second contract" then came into existence, with appellee agreeing to return the truck and appellant agreeing to refund that paid toward its purchase. The "second contract" might be analyzed to be a new independent agreement, a modification of the original contract, a rescission by mutual agreement of the original contract, or an accord as part of an accord and satisfaction. For the purposes of this case, we need not indicate the differences between each of these transactions. The facts of this case reflect the "second contract" to be a result of an effort to compromise and settle the parties' differences and disagreements over the terms of, and performances under, the original oral contract.

Consideration for the "second contract" running to appellant included a release from the obligation to further assign jobs to appellee, return of possession of the truck to appellant, cancellation of the obligation to transfer title to the truck to appellee on payment of the purchase price, and cancellation of the obligation to pay appellee $18.00 per hour for usage of the truck on appellant's business. Consideration for the "second contract" running to appellee included a refund of money paid toward purchase of the truck, release of obligation to make additional payments of $9.00 per hour of truck usage toward such purchase, and release from obligation to perform work on jobs assigned by appellant. The release from performance of each party's obligation under the initial contract together with the settlement of the potential legal action which could result from appellant's default under the initial contract provided consideration for the "second contract."[4]

## PROPRIETY OF SETOFF

In its proposition No. 3, appellant argues that if it were required to refund to appellee the payments made toward the purchase price of the truck, it should be able to offset against the refund the rea-

---

**2.** The amount of profit from or the amount charged for the jobs is not specified in the record.

**3.** Through control of the assignment of jobs on which the truck would be used, appellant controlled the amount and times for payments on the purchase price. Therefore, there was no specified contractual provision specifying date and amounts of payments.

**4.** If the "second contract" was a modification of a simple sales contract, § 34–21–216(a), W.S. 1977, provides that: "An agreement modifying a contract within this article [Uniform Commercial Code Article re Sales] needs no consideration to be binding."

sonable rental value for usage of the truck by appellee together with cost of fuel and other incidentals furnished by appellant.

Appellant overlooks two factors. One, its argument is premised on the assumption that the trial court was attempting to place the parties in "status quo," whereas the trial court was enforcing the settlement agreement between the parties pursuant to the terms thereof regardless of the "status quo"; and two, any attempt to undo the executed part of the initial contract and thus obtain a "status quo" position would involve the determination of the profit made by appellant from the jobs on which the truck was used together with a reapportionment thereof.[5]

Appellant's contentions of error being without merit, we affirm the judgment of the trial court.

Affirmed.

---

**5.** See footnote 2.