does not show diligence in presenting the motion to vacate, nor compliance with the order of court entered on November 5, 1963, to execute tax authorization within thirty days. We conclude this record shows an indifference to court orders and a lack of diligence in promptly moving to vacate the dismissal order of March 5, 1964.

█ For the reasons given, the order of the trial court entered April 19, 1966, vacating the dismissal order of March 5, 1964, is reversed.

Reversed.

BURMAN and ADESKO, JJ., concur.

Samuel L. Outlaw, Plaintiff-Appellant, Cross-Appellee, v. Young Men's Christian Association, a Corporation, Defendant-Appellee, Cross-Appellant.
Winifred McGill, Third-Party Defendant, Third-Party Plaintiff-Separate Appellant, Cross-Appellee, v. Young Men's Christian Association, a Corporation, Defendant-Appellee, Separate-Appellee, Cross-Appellant, and Lawrence Kennon and Washington and Durham, Third-Party Defendants.

Gen. No. 51,496. █

First District, First Division.

June 12, 1967.

Samuel L. Outlaw, pro se, of Chicago, appellant; Winifred McGill, pro se, of Chicago, appellant; Sidley, Austin, Burgess & Smith, of Chicago (James W. Kissel and Frederic F. Brace, Jr., of counsel), for appellee. Opinion by PRESIDING JUSTICE MURPHY. **Not to be published in full.**

**People of the State of Illinois, Plaintiff-Appellee, v. James F. Helm, Defendant-Appellant.**

**Gen. No. 66–38.**

Third District.

June 14, 1967.