The City of Chicago, a Municipal Corporation, Petitioner-Appellee, v. Pedro Thorandos, et al., Defendant-Appellant.

Gen. No. 52,233.

First District, Second Division.

November 10, 1967.

Sherman, Schachtman and Stein, of Chicago, for appellant.

Raymond F. Simon, Corporation Counsel, of Chicago, Thomas A. Foran, Special Assistant Corporation Counsel, and Earl L. Neal, Assistant Corporation Counsel (Thomas A. Foran and Robert E. Wiss, of counsel), for appellee.

MR. JUSTICE BURKE delivered the opinion of the court.

Plaintiff petitioned under the authority of eminent domain for the acquisition of a parcel of real estate located at the southwest corner of Clark Street and Webster Avenue in Chicago, owned by Pedro Thorandos. In a jury trial wherein the defendant appeared pro se, a verdict was returned awarding him $32,000 as just compensation. The defendant's post-trial motion was denied. He appeals.

The City filed its Petition To Condemn on February 15, 1966, seeking to acquire eleven (11) parcels of real estate as a part of the Lincoln Park Urban Renewal Project and Plan. The subject realty was one of the eleven parcels and consisted of two buildings on one subdivided city lot. The buildings were used for a rooming house operation and were 75 to 85 years old. While repairs had recently been made on the masonry, the buildings remain in only fair condition. The owner had purchased the property in 1958 for $26,000 and had done repairs and maintenance costing him $5,000.

Defendant was served with a summons on March 3, 1966. On June 30, 1966 a lawyer appeared in court stat-

ing he was representing defendant. This lawyer, who did not enter his appearance, had numerous conversations with the Corporation Counsel's office on the case. On November 7, 1966, an appearance for the defendant was filed by another lawyer. The cause was set to be tried on December 13, 1966, and on that day, continued on defendant's motion to January 3, 1967, due to illness of defendant. On January 3, 1967, the second attorney withdrew, stating that defendant did not desire him to try the case. After a pretrial conference lasting an hour, defendant stated that he did not desire to have the attorney represent him, whereupon the court advised defendant of the difficulty of proceeding to trial without an attorney and recommended that defendant either permit the attorney to try the case or obtain another attorney. Thereupon the defendant stated that he desired to proceed on his own behalf and the court granted leave to the attorney to withdraw and continued the case to January 16, 1967. On the latter day the court again inquired of the defendant whether he wished to proceed without counsel and he stated that he desired to present his case to the jury.

The first opinion witness introduced by the City, Albert C. Hanna, testified that in his opinion the fair cash market value of the realty on February 16, 1966, was $31,000. The second opinion witness, Jared B. Shlaes, testified that the fair cash market value of the property was $32,000. These witnesses were well qualified. When the City rested its case the trial judge inquired of the defendant as to whether he had a witness to testify as to the value of his property. He did not indicate that he had a witness nor that he intended to produce a witness. The court then suggested that the defendant take the stand and tell the jury his story, which he did. The defendant said that in his opinion the fair market value of the realty at the time of filing the petition was $87,000.

In his closing argument to the jury defendant stated that he was offered $122,000 for the property.

■■ The first point urged by the defendant is that the trial court erred in admitting the purchase price of the subject property into evidence. The defendant points out that the court asked him when he bought the property, that he answered, "1958" and that the court's next question was, "How much did you pay for it?" To which the defendant answered $26,000. Defendant testified that he purchased the property in 1958 but that prior to the purchase he had a contract to purchase. Defendant insisted that the trial judge misled the defendant into believing that he was compelled to answer as to the price he paid for the property. The test of admissibility of a sale is whether the sales price has probative value with respect to the present value. It has been consistently held that this question lies in the sound discretion of the trial court. City of Chicago v. Harbecke, 409 Ill 425, 100 NE2d 616; County of Cook v. Colonial Oil Corp., 15 Ill2d 67, 153 NE2d 844; City of Chicago v. Blanton, 15 Ill2d 198, 154 NE2d 242.

■ In view of the fact that defendant did not object to the presentation of the testimony, he is not now in a position to object. The defendant had the right to conduct his case without the assistance of counsel. In so doing, he is not relieved from observing the rules of procedure which his attorney would be required to observe. After having the advice of two attorneys and after being advised in detail of the difficulty of proceeding to trial without an attorney, defendant elected to exercise his right to represent himself and to try his own case.

■ Secondly, the defendant maintains that the trial court erred in not striking the "prejudicial and improper argument of counsel for the City." Objections to alleged improper argument cannot be first urged on appeal. Lanquist v. City of Chicago, 200 Ill 69, 65 NE 681; County

of Cook v. Holland, 3 Ill2d 36, 119 NE2d 760. We disagree with the contention of the defendant that the counsel for the City made an improper or prejudicial argument.

■ Finally, the defendant argues that the verdict was a result of passion and prejudice and should be reversed. A careful examination of the record convinces us that there is no basis for this assertion. The verdict of the jury was within the range of the testimony in a fair trial in which the defendant was given a broad latitude in the presentation of evidence and argument and the jury was fully instructed on the law pertaining to the issue. The jury also viewed the property. For these reasons the judgment is affirmed.

Judgment affirmed.

LYONS, P. J. and BRYANT, J., concur.