JOHN THANOPOULOS *et al.*, Plaintiffs-Appellees, *v.* PARKER PICKENS *et al.*, Defendants-Appellants.—(JOHN J. WITTEN *et al.*, Defendants-Appellees.)

First District (2nd Division)    No. 79-1882

Opinion filed August 26, 1980.

Richard L. Hoffman, of Skokie, for appellants.

Cusack & Cusack, and Liebling, Hauselman & Miller, Ltd., both of Chicago (John F. Cusack and Marvin A. Miller, of counsel), for appellees.

Mr. PRESIDING JUSTICE PERLIN delivered the opinion of the court:

Plaintiffs, John and Panoyota Thanopoulos (hereinafter referred to as plaintiffs), filed an action in the circuit court of Cook County against defendants, Parker and Bettie Pickens (hereinafter referred to as defendants), for dissolution of a partnership and an accounting. On March 9, 1979, the trial court entered an order incorporating a proposed settlement agreement of the parties. On May 9, 1979, the trial court entered a judgment terminating the partnership and assigning, in accordance with a final accounting, the liabilities of each partner. On May 14, 1979, defendants moved to vacate the judgment of May 9, 1979, as inconsistent with the order of March 9, 1979. An appeal is now taken from the order of the trial court denying defendants' motion. The issue presented for review is whether the judgment of May 9, 1979, conforms with the order of March 9, 1979.

For reasons hereinafter set forth, we remand for further proceedings not inconsistent with this opinion.

On April 30, 1965, John Thanopoulos and Parker Pickens entered into a written partnership agreement to operate "Parker's Restaurant" in Wilmette, Illinois. The partnership had no durational period; either partner could terminate the partnership upon three months written notice. In April 1969 plaintiffs and defendants entered into a lease of the restaurant prem-

ises with John and Catherine Witten, terminating February 28, 1979. In consideration of improvements to the premises by the partners, the parties also negotiated a renewal option for a period of 10 years commencing March 1, 1979.

On March 28, 1978, John Thanopoulos sent to Parker Pickens a letter of his intent to terminate the partnership 90 days therefrom. On June 16, 1978, plaintiffs filed in the circuit court of Cook County a complaint for dissolution, accounting and injunction. The complaint alleged, *inter alia*, a breach of the partnership agreement by Pickens, misuse of partnership assets, insufficient accounting of partnership income and "secret negotiations" with the landlord, Witten, occurring after receipt of the above notice to terminate the partnership. Witten was subsequently named an additional defendant in an amended complaint. Thanopoulos requested the partnership be dissolved and the assets be distributed after payment of partnership debts.

After several court appearances and in-chamber conferences with the trial judge, the parties, on March 9, 1979, purportedly reached a settlement agreement. The agreement, as read into the record on March 9, 1979, provided that John Thanopoulos was to purchase Parker Pickens' interest in the partnership for $25,000, and certain partnership liabilities, including the claims of the landlord, Witten, were to be set forth in an accounting and deducted from the sale price. Thanopoulos was to assume all the partnership debts as they existed on July 5, 1978, the date of dissolution of the partnership. Witten, who had terminated the lease in December 1978, agreed to lease the premises to Thanopoulos. Defendants agreed not to compete with plaintiffs for a three-year period within a 10-mile radius of the business premises. The aforementioned terms were incorporated into an order entered the same day.

On April 9, 1979 Thanopoulos submitted an accounting to the trial court. Pickens orally objected to the deduction, from his interest, of one-half the partnership liabilities paid by Thanopoulous after July 5, 1978, and one-half of the landlord's claim. Pickens filed written objections on April 16, 1979, alleging the aforementioned.

The accounting accepted by the trial court and incorporated into the judgment of May 9, 1979, fails to establish whether the rent credit claimed by Thanopoulos and the rent due as claimed by Witten are for the same period of time and are therefore duplicative. In the accounting one-half of the landlord's claim is deducted from the sale price. The court ordered, *inter alia*, the partnership terminated; that Thanopoulos pay, as set forth in the accounting, $19,052.94 to Pickens and $3,516.32 to John Witten; and in addition ordered Pickens to pay $3,516.32 directly to John Witten.

Defendants filed a motion to vacate the judgment of May 9, 1979, alleging, as was set forth in the aforementioned objections to the account-

ing, that the defendant was improperly charged with the costs accruing during winding up; that the plaintiff had agreed to assume all partnership liabilities as they existed on July 5, 1978; that the landlord's claim was improperly deducted from the sale price. Defendants further stated that the effect of the trial court's order "is to thrust the entire burden of Witten's claim on defendants in that they must give a credit to plaintiffs for one-half of Witten's claim and then pay Witten an additional one-half." Except for minor mathematical corrections in the accounting, this motion was denied and this appeal taken.

■■■ Initially we note that the briefs filed in the instant case offer little legal enlightenment and are of minimal assistance to the court. Defendant cites no cases in his first brief and only one case in his reply brief; plaintiff cites only one case in his brief. The cases cited do not address the issue here on appeal. The briefs argue only alleged factual errors by the trial court in the scope of its orders entered pursuant to the settlement agreement. It is well settled that "[r]eviewing courts are entitled to have the issues clearly defined, to be cited pertinent authorities and are not a depository in which an appellant is to dump the entire matter of pleadings, court action, argument and research as it were, upon the court." (In re Estate of Kunz (1972), 7 Ill. App. 3d 760, 763, 288 N.E.2d 520.) Attorneys are expected to assist the court in reaching a correct conclusion by submitting proper authorities supporting their views. (Kelley v. Kelley (1925), 317 Ill. 104, 107, 147 N.E. 659.) A court of review is not required to search the record to find a reason for reversing the judgment of the trial court. Husted v. Thompson-Hayward Chemical Co. (1965), 62 Ill. App. 2d 287, 296, 210 N.E.2d 614; In re Annexation to Village of Willowbrook (1963), 42 Ill. App. 2d 432, 435, 192 N.E.2d 553.

■■■ A reviewing court will not overturn the trial court's approval of a settlement agreement unless "taken as a whole, the settlement appears on its face so unfair as to preclude judicial approval." (Metropolitan Sanitary District v. Ingram Corp. (1980), 85 Ill. App. 3d 859, 407 N.E.2d 627; Adams v. Silfen (1949), 337 Ill. App. 654, 86 N.E.2d 288 (abstract).) The party who prosecutes an appeal bears the burden of overcoming the presumption that the trial court's judgment is correct. (Husted.) Where the settlement of a dispute has been negotiated by or with the parties, this court will not conduct a trial de novo with regard to the parties' intentions. In the instant case the trial court was cognizant of the pleadings and the negotiations which led to the final agreement. This court will not engage in mere speculation. In the case at bar the trial court is in a superior position to determine the intent of the parties. The trial court was apprised of the same issues raised in this appeal by the pleadings, was conferee to the negotiations and heard arguments of counsel.

It does appear, however, that a computational error may have

occurred in the allocation of liability for the rent contribution claimed by Thanopoulos from Pickens and the rent monies claimed by Witten. In the accounting attached to the judgment of May 9, 1979, Thanopoulos reflects as an expense presumptively paid by him to Witten the sum of $2,137.65 as rent, and purports to charge one-half said amount to Pickens. Thanopoulos fails to indicate the months covered by this rent payment. However, his affidavit, filed April 9, 1979, does identify the sum of $2,137.65 as rent for August through December 1978. The accounting also reflects Witten's rent claim, without specification of the months involved, to be $3,622.54. However, paragraph 6 of Thanopoulos' response to defendant's objections to the accounting indicates that Witten's rent claim covers the period of November 1978 through March 1979. It appears, therefore, that there may be an overlapping of rent chargeable for the months of November 1978 and December 1978.

Furthermore, it would appear that Pickens is being charged with the entire obligation claimed by Witten. Paragraph 3 of the judgment orders Thanopoulos to pay Pickens the net sum of $19,052.94 and paragraph 5 of said judgment orders Pickens to pay directly to Witten an additional sum of $3,516.32. The accounting suggests that in establishing the figure of $19,052.94 Pickens has already been charged with the sum of $3,516.32, one-half of the Witten claim. Consequently, if in addition to the credit granted Thanopoulos of $3,516.32 Pickens is required to pay a similar amount directly to Witten, he is in fact being charged with the entire sum of $7,032.65, the full amount claimed by Witten. We question that the trial court intended to effect such a result, in view of the fact that the transcript of May 9, 1979 reflects the trial court's ruling that "[t]he claim of Witten [should be] equally shared between the parties."

For the reasons heretofore stated we remand to the trial court to reconsider the order of May 9, 1979. Thereupon the trial court shall determine whether the judgment order of May 9, 1979, should be vacated and a new judgment order entered.

Remanded with directions.

DOWNING and HARTMAN, JJ., concur.