CONCORD INDUSTRIES, INC., Plaintiff-Appellant, *v.* HARVEL INDUSTRIES CORPORATION, Defendant-Appellee.

First District (2nd Division)   No. 83—128

Opinion filed March 20, 1984.

Deutsch, Levy & Engel, Chartered, of Chicago (David C. Kemerer, of counsel), for appellant.

Kwiatt & Silverman, Ltd., of Chicago (Scott E. Tuckman, of counsel), for appellee.

JUSTICE STAMOS delivered the opinion of the court:

This suit arises from the sale by plaintiff Concord Industries, Inc. (Concord) of a plastic drinking straw manufacturing business to defendant Harvel Industries Corporation (Harvel) pursuant to a written agreement. Concord appeals from a pretrial ruling of the circuit court denying its motion for leave to file certain amended pleadings. Jurisdiction is premised on Supreme Court Rule 304(a) (87 Ill. 2d R. 304(a)).

The written agreement from which this action arises was executed on December 14, 1979, and provided for the sale of Concord's plastic drinking straw, stirrer and sipper manufacturing business to Harvel for $700,000. The contract required Harvel to supply all of Concord's requirements for the products manufactured by the business, such products to be sold to Concord at Harvel's most favored customer rate. Concord agreed to lease factory space to Harvel for five months at an agreed monthly rate in order to allow Harvel to prepare its own facilities for the purchased machinery. Utility expenses were to be allocated on a *pro rata* basis. Concord also agreed not to compete with Harvel in the plastic straw, stirrer and sipper business for a period of three years.

In the period following the sale, during which Harvel leased plant space from Concord, Harvel requested janitorial and secretarial services, insurance and other goods and services from Concord. Concord provided these goods and services, although they were not called for under the contract. Concord has not been compensated for this activ-

ity.

After the sale was completed, Harvel failed to meet Concord's requirements for the manufactured products and Concord filed suit seeking recovery on several grounds. Count I of Concord's amended complaint was brought on an account stated theory. Counts II and IV were brought in breach of contract and count III sought recovery based upon unjust enrichment. Counts V and VI, alleging tortious breach of the duty of good faith, sought compensatory and punitive damages respectively for Harvel's failure to supply Concord's requirements as required under the contract. Counts VII and VIII sought compensatory and punitive damages for tortious interference with contractual relations arising from Concord's inability to meet its obligations to its reserved customers as a result of Harvel's failure to supply Concord's requirements.

Harvel moved to strike and dismiss counts III, V, VI, VII and VIII of the amended complaint and the trial court dismissed these counts after a hearing on August 30, 1982.

On September 29, 1982, Concord filed a motion to vacate the order of August 30, to the extent necessary to grant Concord leave to file its proposed amended count III, seeking recovery in *quantum meruit* for the value of the goods and services provided to Harvel during the period of Harvel's lease of the factory space; its proposed amended count V, alleging fraud in inducing Concord to sell its manufacturing operation; and its proposed amended count VI, seeking damages under the Uniform Commercial Code for Harvel's failure to supply Concord's requirements.

After a hearing on Concord's motion to vacate, the trial court held that proposed amended Count III was barred as a matter of law due to the existence of an express contract between the parties, and that proposed amended count V was barred due to the existence of a remedy in breach of contract. The trial court granted leave to file a second amended complaint incorporating proposed amended count VI only. Concord appeals from the denial of leave to file its proposed amended counts III and V.

Concord first contends that the trial court erred in holding that its proposed *quantum meruit* count was barred as a matter of law due to the existence of an express contract between the parties.

"*Quantum meruit*" is an expression defining the nature and extent of the liability imposed by a contract implied by law. This liability is predicated on the reasonable value of services performed. (*Edens View Realty & Investment, Inc. v. Heritage Enterprises, Inc.* (1980), 87 Ill. App. 3d 480, 486, 408 N.E.2d 1069.) Generally, no quasi-con-

tractual claims can arise when an express contract exists between the parties concerning the same subject matter upon which the quasi-contractual claim rests. *Industrial Lift Truck Service Corp. v. Mitsubishi International Corp.* (1982), 104 Ill. App. 3d 357, 360, 432 N.E.2d 999.

In the instant case, Concord seeks recovery in *quantum meruit* for the value of the goods and services provided to Harvel during Harvel's lease of Concord's plant. Harvel argues that, under *Industrial Lift Truck*, Concord's claim is barred by the existence of the express contract between the parties. Concord contends, however, that it provided the goods and services to Harvel independent of the written agreement and that therefore *quantum meruit* recovery is not barred by the existence of that agreement. The trial court found *Industrial Lift Truck* to be dispositive. We find the facts in *Industrial Lift Truck* to be distinguishable from those of the instant case.

In *Industrial Lift Truck*, the plaintiff had a comprehensive dealership contract to retail the defendant's trucks in the United States. The terms of the contract permitted the defendant to unilaterally terminate the relationship at any time, and precluded amendment of the contract without the defendant's express consent. The plaintiff, on its own initiative, began modifying the trucks so as to increase their marketability in the United States. The defendant subsequently terminated the relationship, and the plaintiff sought recovery in *quantum meruit* for the value of its modifications. The plaintiff's claim was dismissed by the trial court with prejudice.

On appeal, the court found that compensation for the plaintiff's modifications was governed by the contract, even in the absence of express language to that effect. The court found that the plaintiff had undertaken the modifications at its own risk for the purposes of increasing its profits, but had not sought to amend the contract to provide compensation for these modifications. Therefore, the court reasoned, the plaintiff could not claim that the defendant had been unjustly enriched by the modifications.

■ The modifications made by the plaintiff in *Industrial Lift Truck*, though not expressly covered by the contract, were voluntarily undertaken by the plaintiff with knowledge of the defendant's right to terminate the contract at any time under terms defining the entire relationship of the parties regarding the general subject matter of the contract and precluding amendment of the contract terms without the defendant's express consent. This is not the situation in the instant case, where Concord provided the goods and services to Harvel at Harvel's request with the expectation that Concord would be fully compensated and with little possibility that Concord's position under

the contract would be enhanced. It is therefore clear that *quantum meruit* recovery is not barred by the terms of the parties' written agreement in the instant case.

It appears that the trial court based its decision additionally upon its interpretation of Concord's proposed amended count III as alleging the existence of an express oral contract for the provision of the goods and services in question. The trial court held that, because count III alleged elements of an express oral contract, recovery in *quantum meruit* should be barred. We find this holding to be error.

■■ It is clear that in Illinois a plaintiff can alternatively plead inconsistent bases of recovery where there is uncertainty as to which allegation is true. (Ill. Rev. Stat. 1981, ch. 110, par. 2–613(b); see *Business Development Services, Inc. v. Field Container Corp.* (1981), 96 Ill. App. 3d 834, 843-44, 422 N.E.2d 86.) Therefore, it is permissible for Concord to alternatively seek recovery under an express contract and in *quantum meruit*. (See *Neville v. Davinroy* (1976), 41 Ill. App. 3d 706, 710, 355 N.E.2d 86.) At this stage of the proceedings, it is impossible to make a factual determination as to the existence of an express oral contract which would preclude Concord from recovering in *quantum meruit*. Concord's proposed *quantum meruit* count properly alleges the elements required for recovery (see *O'Neil & Santa Claus, Ltd. v. Xtra Value Imports, Inc.* (1977), 51 Ill. App. 3d 11, 15, 365 N.E.2d 316), and the trial court could not have determined from the pleadings alone that an express oral contract existed which would bar the recovery sought by Concord in its *quantum meruit* count. We therefore find that the trial court erred in denying Concord leave to file its proposed amended count III.

■■ Concord next contends that the trial court erred in denying it leave to file its proposed amended count V seeking recovery in fraud in the inducement. The proposed pleadings alleged that, in order to induce Concord to enter into the written contract, Harvel agreed to supply Concord with its requirements for certain products manufactured by the plant, with the intent not to perform. The trial court denied leave to file this count, stating that it was barred due to the existence of a remedy in breach of contract.

It is the general rule in Illinois that a promise of future conduct made without intention to perform is not a misrepresentation. (*Steinberg v. Chicago Medical School* (1977), 69 Ill. 2d 320, 334, 371 N.E.2d 634.) However, "there is a recognized exception where the false promise or representation of future conduct is alleged to be the scheme employed to accomplish the fraud." (69 Ill. 2d 320, 334.) Where a party makes a promise of performance, not intending to keep the

promise but intending for another party to rely on it, and where that other party relies upon it to his detriment, the false promise will be considered an intended scheme to defraud the victim and will be actionable. *Vance Pearson, Inc. v. Alexander* (1980), 86 Ill. App. 3d 1105, 1112, 408 N.E.2d 782; see Polelle, *An Illinois Choice: Fossil Law or an Action for Promissory Fraud?* 32 DePaul L. Rev. 565 (1983).

Concord desires leave to file an amended complaint seeking recovery for fraud in the inducement. It is clear that the pleading of such a cause of action is permissible in Illinois. The existence of a remedy in breach of contract does not bar a party from seeking recovery for fraud in the inducement. (See *Vance Pearson, Inc. v. Alexander* (1980), 86 Ill. App. 3d 1105, 408 N.E.2d 782.) We therefore find that the trial court also erred in denying Concord leave to file its proposed fraud in the inducement count.

The decision of the circuit court is reversed and the cause is remanded.

Reversed and remanded.

HARTMAN, P.J., and DOWNING, J., concur.