ELIO M. DOMENELLA, Plaintiff, v. AMERICO PETER DOMENELLA *et al.*, Defendants-Appellees (Nathan Shefner, Petitioner-Appellant; Josephine Moschettoni *et al.*, Respondents-Appellees).

First District (4th Division)   No. 86—1761

Opinion filed August 6, 1987.

864

JIGANTI, J., dissenting.

Nathan Shefner, of Chicago, for appellant, *pro se*.

Leonard Rubin, of Chicago, for appellees Josephine Moschettoni and Sister Lina Domenella.

Otello P. Domenella, of Niles, for appellee, *pro se*.

PRESIDING JUSTICE McMORROW delivered the opinion of the court:

The subject of this appeal is an order entered by the circuit court of Cook County which vacated a prior order awarding additional attorney fees to the petitioner, attorney Nathan Shefner (Shefner). We affirm the trial court's denial of additional attorney fees to Shefner.

Teresa Domenella was the mother of plaintiff and defendants. Upon her death, her property and assets came into the possession of defendants. Plaintiff, represented by Shefner, filed a complaint against his brothers, the defendants, seeking an accounting and equal distribution of the property and assets of their mother at the time of her death. The complaint requested a division of the property among

the three sons of Teresa Domenella, but made no mention of any other heirs who might have an interest in the property.

In their answer, defendants admitted the existence of certain property left by their mother at the time of her death, but affirmatively alleged that Teresa Domenella was, in addition to plaintiff and defendants, also survived by two daughters, Josephine Moschettoni and Sister Lina Domenella, a missionary nun of the Catholic Church. These daughters are the respondents herein. The two daughters, both citizens of Italy, were not made parties to the suit and, consequently, did not retain counsel to represent their interests therein.

Defendants filed an itemized account of the property and assets which came into their possession following the death of their mother. The trial court ruled that three certificates of deposit were intestate property and, therefore, should be divided equally among the five children of Teresa Domenella.

Attorney Shefner had an express contract to receive compensation of one-third of the amount he was successful in recovering for plaintiff, his client. After the trial court's ruling, Shefner sought an award of additional attorney fees of the one-third share of the certificates of deposit that were awarded to respondents, the two daughters of Teresa Domenella. No opposition to the petition was presented and the trial court entered an order granting the additional fees, but stayed the effect of the order until respondents were notified of the fee award. Both respondents wrote letters to the trial court objecting to the award of fees out of their shares of the intestate property.

Defendants thereafter requested a rehearing of the petition for additional fees. The trial court granted defendants' request for rehearing and vacated its previous order granting Shefner's request for additional attorney fees to be awarded out of the respondents' property shares. Shefner was given leave to present an amended petition including time records and evidence of reasonable and customary charges for attorney fees in this matter.

Shefner represented to the trial court that he did not keep any record of the time expended in this case because his compensation from plaintiff was not to be computed on an hourly basis. Shefner did not present an amended petition and filed this appeal of the order vacating the award of additional fees.[1]

Shefner contends that respondents received the benefit of his ser-

---

[1]The plaintiff, Shefner's client, is not a party to this appeal. Defendants have filed a brief raising issues which will be addressed later in this opinion.

vices in procuring for them an award from their mother's estate and thus should be required to pay him a reasonable fee.

Respondents assert that Shefner cannot recover a fee for services from them because they did not employ him or authorize his employment.[2] We agree.

■ It is undisputed that an attorney who renders professional services has a right to be compensated for such services. As a general rule, this right must rest on the terms of an express or implied contract of employment with the person sought to be charged. (*In re Estate of Healy* (1985), 137 Ill. App. 3d 406, 484 N.E.2d 890; *Slater v. Jacobs* (1977), 56 Ill. App. 3d 636, 371 N.E.2d 1054.) Clearly, Shefner had no express contract of employment with respondents. Although Shefner was familiar with the composition of the Domenella family, he did not advise respondents that he was representing their brother, the plaintiff, he filed no pleadings on behalf of respondents, and he never communicated with them about any interests they may have had in their mother's estate. The identity of respondents and their interests in the estate were disclosed to the court, not by Shefner, but by defendants in their answer to the complaint which was filed by Shefner.

■ A contract implied in fact cannot be found where, as here, the record reveals no act, conduct, or circumstances from which a promissory expression or intent to be bound may be inferred. (*In re Estate of Milborn* (1984), 122 Ill. App. 3d 688, 461 N.E.2d 1075.) Nor can we say that Shefner was employed by respondents by virtue of a contract implied in law. A contract implied in law will be found where services are rendered by one person for another which are knowingly and voluntarily accepted. In that situation, the law presumes that such services were given and received in the expectation of payment for those services, and the law implies a promise to pay for their reasonable worth. (*In re Estate of Milborn* (1984), 122 Ill. App. 3d 688, 461 N.E.2d 1075; *In re Estate of Dal Paos* (1969), 118 Ill. App. 2d 235, 254 N.E.2d 300; *In re Estate of Foster* (1964), 46 Ill. App. 2d 319, 197 N.E.2d 257.) A contract implied in law is based on the well-established principle that no one should be permitted to unjustly enrich himself at another's expense. In the instant case, respondents did not knowingly and voluntarily accept the services of

---

[2]Although respondents were not parties to the original action by plaintiff, they may properly assert their arguments before this court because they have an interest adverse to setting aside or reversing the judgment of the trial court. *Rosenthal v. First National Bank* (1970), 127 Ill. App. 2d 371, 262 N.E.2d 262.

Shefner. Consequently, there is no contractual basis for Shefner's claim for additional fees.

■ Courts have granted attorney fees where no employment contract exists if principles of unjust enrichment or *quantum meruit* apply, if there has been a breach of fiduciary duty owed to the plaintiff, if specific statutes have authorized apportionment of attorney services, or if the common fund doctrine is applicable. See *Maynard v. Parker* (1977), 54 Ill. App. 3d 141, 369 N.E.2d 352.

■ ■ We find no support in this record for any of the theories set forth above. Respondents were not unjustly enriched by Shefner's services because, as heirs of Teresa Domenella, they were clearly entitled to their shares of the intestate property. Shefner did not represent respondents or perform services on their behalf: he failed to identify respondents or join them in the probate proceedings, he did not disclose their interests to the court, and he performed no services to advance or protect their interests. Thus, it cannot be said that respondents were enriched because of Shefner's representation of them. *Quantum meruit* defines the nature and extent of the liability imposed by a contract implied in law. (*Concord Industries, Inc. v. Harvel Industries Corp.* (1984), 122 Ill. App. 3d 845, 462 N.E.2d 1252.) Because there is no evidence from which a contract should be implied in law, *quantum meruit* is not properly applied. The record includes no showing of a breach of fiduciary duty owed to the plaintiff, and there is no statutory authority for apportionment of Shefner's services in this case.

■ The common fund doctrine has been defined as the equitable concept that an attorney who renders service in creating a fund should in equity be compensated out of the whole fund from those who directly benefit from it. (*Baier v. State Farm Insurance Co.* (1977), 66 Ill. 2d 119, 124, 361 N.E.2d 1100.) This doctrine has most often been applied in class actions and in cases where an insurance carrier is subrogated to the rights of an insured. *Maynard v. Parker* (1977), 54 Ill. App. 3d 141, 369 N.E.2d 352; *Leader v. Cullerton* (1976), 62 Ill. 2d 483, 343 N.E.2d 897; *Flynn v. Kucharski* (1974), 59 Ill. 2d 61, 319 N.E.2d 1; *Baier v. State Farm Insurance Co.* (1977), 66 Ill. 2d 119, 361 N.E.2d 1100; *Powell v. Inghram* (1983), 117 Ill. App. 3d 895, 453 N.E.2d 1163.

■ ■ An essential element of these cases is the representative capacity in which the plaintiff's rights are asserted. Additional fees are awarded to the attorney for the plaintiff where the attorney acted on behalf of the plaintiff who represented the interests of third parties. In the instant case, the plaintiff did not represent the inter-

ests of the respondents. Because there was no substitution of interest, respondents have no obligation to pay for Shefner's services to plaintiff. (*Maynard v. Parker* (1977), 54 Ill. App. 3d 141, 369 N.E.2d 352.) The common fund doctrine is not applicable here because the plaintiff sought to preserve his own interest and only coincidentally benefitted others. (*Maynard v. Parker* (1977), 54 Ill. App. 3d 141, 369 N.E.2d 352; *Mid-West National Bank v. Metcoff* (1974), 23 Ill. App. 3d 607, 319 N.E.2d 336.) Moreover, the common fund doctrine does not apply here because the three certificates of deposit were intestate property left by Teresa Domenella at her death and are not a "fund" created by Shefner. See *Hamer v. Kirk* (1976), 64 Ill. 2d 434, 356 N.E.2d 524; *Wool v. La Salle National Bank* (1980), 89 Ill. App. 3d 560, 411 N.E.2d 1135.

Shefner claims in his brief that the trial court erred in granting the respondents' request for rehearing of the petition for additional fees. This claim, however, is not supported by argument or citation to authority and, therefore, is not considered here. *Pioneer Trust & Savings Bank v. Lucky Stores, Inc.* (1980), 91 Ill. App. 3d 573, 414 N.E.2d 1152; *Thanopoulos v. Pickens* (1980), 87 Ill. App. 3d 906, 409 N.E.2d 477.

■■■ Defendants filed a brief in this case asserting that the trial court erred in ruling that the three certificates of deposit were intestate property. Illinois Supreme Court Rule 303(a)(3) requires that a notice of an additional appeal be filed within 10 days after the filing of the first notice of appeal or within 30 days of the entry of judgment, whichever is later. (103 Ill. 2d R. 303(a)(3).) Defendants failed to file a notice of appeal within the time prescribed by the rule. Consequently, the correctness of the trial court's ruling on the certificates of deposit is not before us. (See *De Phillips v. Mortgage Associates, Inc.* (1972), 8 Ill. App. 3d 759, 291 N.E.2d 329; *Swenson v. Wintercorn* (1968), 92 Ill. App. 2d 88, 234 N.E.2d 91.) Defendants have appeared *pro se*. They must, nonetheless, comply with the same rules of procedure as would be required of litigants represented by an attorney. *Bohannon v. Schertz* (1974), 21 Ill. App. 3d 149, 315 N.E.2d 316; *Brewer v. National Union Building Association* (1897), 166 Ill. 221, 46 N.E. 752; *Outlaw v. YMCA* (1967), 84 Ill. App. 2d 321, 228 N.E.2d 193; *City of Chicago v. Thorandos* (1967), 88 Ill. App. 2d 244, 232 N.E.2d 73.

For the foregoing reasons, we conclude that the trial court properly vacated its order granting additional attorney fees.

The judgment of the circuit court of Cook County is affirmed.

Affirmed.

LINN, J., concurs.

JUSTICE JIGANTI, dissenting:

Although Shefner did not have an express contract or a contract implied in fact, I believe that under the facts of this case a contract should be implied in law.

A contract implied in law is equitable in nature and arises from facts and circumstances independent of an agreement or consent of the parties. (See generally D. Dobbs, Remedies sec. 4.2, at 235 (1973).) It is based upon principles of restitution and provides that one should not be unjustly enriched at the expense of another. (*Partipilo v. Hallman* (1987), 156 Ill. App. 3d 806, 807; *Edens View Realty & Investment, Inc. v. Heritage Enterprises, Inc.* (1980), 87 Ill. App. 3d 480, 486, 408 N.E.2d 1069; see also Restatement of Restitution sec. 1, at 10 (1937).) The concept focuses on the enrichment of the defendant and the fact that it would be unjust for the defendant to receive a benefit without paying for it. *Edens View Realty & Investment, Inc. v. Heritage Enterprises, Inc.* (1980), 87 Ill. App. 3d 480, 408 N.E.2d 1069; *Dickerson Realtors, Inc. v. Frewert* (1974), 16 Ill. App. 3d 1060, 307 N.E.2d 445; see also 3 G. Palmer, Restitution sec. 14.19 (1978).

Courts have taken differing views on whether an attorney who has conferred a benefit by performing services for a person who is not his or her client should be allowed to recover fees from that individual. The courts declining to award such fees base their decisions upon the notion that attorneys are not entitled to fees from a person who was not their client and with whom they had no employment agreement, express or implied. See, *e.g., Felton v. Finley* (1949), 69 Idaho 381, 209 P.2d 899; *O'Doherty & Yonts v. Bickel* (1915), 166 Ky. 708, 179 S.W. 848; *Pepper v. Pepper* (1907), 30 Ky. L. Rptr. 460, 98 S.W. 1039.

Conversely, other courts have applied the principles of unjust enrichment to require the beneficiary of legal services to compensate the attorney. These decisions are founded upon the idea that one who preserves or protects a common fund works for others, as well as for himself, and those others who benefit should bear their just share of the expenses, including reasonable attorney fees. Additionally, these courts have found it repugnant to fundamental principles of equity to allow a party to reap where they have not sown. Consequently, the courts have implied a promise on the part of the party benefited to

compensate the attorney who provided the services. (See, *e.g.*, *Lyons v. City of Shreveport* (La. App. 1976), 339 So. 2d 466; *Kimbrough v. Dickinson* (1949), 251 Ala. 677, 39 So. 2d 241; *Petition of Crum* (1941), 196 S.C. 528, 14 S.E.2d 21; *In re Engebretson's Estate* (1941), 68 S.D. 255, 1 N.W.2d 351.) I agree with this line of reasoning and would apply it to the facts of this case.

The undisputed facts before us reveal that the respondents each received a one-fifth share in the intestate property as a result of Shefner's conduct. But for the efforts of Shefner, the respondents would have received nothing. Under these facts, I believe the respondents were unjustly enriched by Shefner's actions and therefore, a contract should be implied in law so as to require the respondents to compensate Shefner for the benefit he conferred upon them.

For these reasons, I respectfully dissent.