84 LUMBER COMPANY, Plaintiff-Appellant, v. DENNI CONSTRUCTION COMPANY, INC., *et al.*, Defendants-Appellees.

Fifth District No. 5—90—0356

Opinion filed April 30, 1991.

Gale P. Stipes, of Mateyka & Hill, P.C., of Granite City, for appellant.

No brief filed for appellee.

JUSTICE HOWERTON delivered the opinion of the court:

Plaintiff sued defendants for breach of contract. In a bench trial, the Madison County circuit court found the corporate defendant liable, but did not find the Laymans, who are the president and secretary of the corporation, personally liable. We reverse and remand with directions to enter judgment against the president and secretary.

Plaintiff sells building materials. One of its salespersons dropped off a credit application at the office of Denni Construction Co., Inc., where Darrell and Deni-Jeanne Layman, the individual defendants, signed the application. The salesperson did not explain the contract terms. Later the salesperson picked up the application and mailed it to 84 Lumber Company's main office, where the credit application was approved. An account number and subsequent invoices were issued in the corporation's name. Defendants failed to pay on their account, and plaintiff sued the Laymans individually and sued also their corporation.

At trial, the parties stipulated that the corporation was liable for $10,110.35, plus costs. The circuit court entered judgment against Denni Construction Co., Inc., but not against the officers individually. After reviewing the credit application and testimony, the circuit court found the credit application ambiguous, because the reverse side was left blank, making it unclear if the "applicant" was the corporation or the individual officers. The application is reproduced in the appendix. The circuit court, therefore, allowed the Laymans to testify as to their understanding and intentions about the deal over objections based upon the parol evidence rule.

The threshold issue is whether the credit application is ambiguous. If it is not ambiguous, the circuit court erred in allowing Darrell and

Denni-Jeanne Layman to testify to their understanding that they would not be personally liable. If the credit application is ambiguous, then the circuit court properly allowed the Laymans to testify.

■■ A contract is ambiguous if it is capable of being understood in more senses than one or is reasonably susceptible of more than one meaning. (*Susmano v. Associated Internists of Chicago, Ltd.* (1981), 97 Ill. App. 3d 215, 422 N.E.2d 879.) When the terms of a written contract are certain and unambiguous, extrinsic evidence is inadmissible because the instrument itself is the sole determinant of the parties' intentions. (*Zella Wahnon & Associates v. Bassman* (1979), 79 Ill. App. 3d 719, 398 N.E.2d 968.) Where a court determines that an ambiguity exists, extrinsic evidence may be introduced by the parties and considered in ascertaining the true meaning of the contract. *Pioneer Trust & Savings Bank v. Lucky Stores, Inc.* (1980), 91 Ill. App. 3d 573, 414 N.E.2d 1152.

We find the credit application to be unambiguous. (See appendix.) Although the blanks on the reverse side of the application are not filled in, Darrell G. Layman is named on the "principal" line on the front of the contract. Both Darrell and Denni-Jeanne Layman signed their names in their individual capacities on the "applicant" lines. In addition, the paragraph above their signatures reads: "It is further acknowledged and understood that the Applicant has read both sides of this entire application and Agreement, and the terms and conditions on the reverse side, and that he understands the same ***." As a condition of the contract, paragraph 6, on the reverse side, states that the "applicant agrees that he will be personally responsible."

■■ Here, the circuit court allowed the Laymans to testify that it was not their intent to personally guarantee the credit, and that the salesman did not explain there would be personal liability imposed by the contract. Because the contract is unambiguous, it was error for the circuit court to have allowed this testimony. Thus, the contract itself is the sole determinant of the parties' intentions. Here, the Laymans signed, not in their corporate capacity, but individually. An officer who signs his name, without more, is individually liable on the contract. (See *Zella Wahnon & Associates v. Bassman* (1979), 79 Ill. App. 3d 719, 398 N.E.2d 968.) The circuit court erred in refusing to enter judgment against the Laymans and is, therefore, reversed. We remand to the circuit court to enter judgment accordingly.

Reversed and remanded.

WELCH and HARRISON, JJ., concur.

# APPENDIX

O8U1
6RA
(H) 84 LUMBER CREDIT APPLICATION

Company Name _Denni Construction Co., Inc._ Phone ( 618 ) _797 – 1255_

Location _#1 Executive Park Granite City, Ill, 62040_
 street (box #) city state zip code

Billing Address _Same_
 street (box #) city state zip code

Accounts Payable Contact _Marge Range Bookkeeper 618/797-1255_
 name title phone #

PROPRIETORSHIP_____PARTNERSHIP_____CORPORATION___X___ FEIN# _37-117.3717_ SS#

Principal _Darrell C. Layman, 1171 Bellefontaine Rd, St Louis, M, 314-355-0912_
 name address phone #

Business type _Construction_ Years _12_ State of Incorporation _Illinois_

REFERENCES

Major bank _First Granite City Nat'l Granite City, Ill 451-5400 Jack Cooper_
 name city state phone contact

Type of account: Checking Account # _#019-071-00-1_ Savings Account # _019-070-20-1_
 Line of Credit Amount $

Major bank _____
 name city state phone contact

Type of account: Checking Account # _____Savings Account # _____
 Line of Credit: Amount $ _____

Major Trade References:

| NAME | STREET/CITY/STATE/ZIP | PHONE | PRODUCT/SERVICE |
|---|---|---|---|
| Kienstra, Inc | 301 West Ferghan Ave. Wood River, Ill | (618) 254-4366 | Concrete |
| R.C. Lumber, Inc | 5006 S. Maple Staunton, Ill | (618) 635-2571 | Lumber & Materials |
| Troy Heating + Air Cond | 219 E. Highway #40 Troy, Ill 62294 | (618) 667-6442 | Heating + Air Cond |
| Land of Lincoln Carpet | 1477 Edwardsville Rd. Wood River, Ill 62095 | (618) 259-8353 | Carpet + Vinyl |

Please submit a copy of your most recent Financial Statement. _____Attached _X___Will Mail

Have you ever been Bonded? ___Yes _X_No Type____Payment ____Performance

Surety _____
 Name Address Phone Contact

Have you ever filed for Bankruptcy? _No___ Are you presently in Chapter 11? _No_

Amount of credit line requested $$ _$10,000_ To _$25,000_ See intc - JB 5,000 - 10,000

Expected monthly credit utilization $$ _$5,000_

It is further acknowledged and understood that the Applicant has read both sides of this entire Application and Agreement, and the terms and conditions on the reverse side, and that he understands the same, and that all of the information contained in the application is true and correct, to the best of Applicant's knowledge.

It is also understood that no credit will be extended to Applicant until this Agreement is accepted in writing and signed below by the Credit Manager of 84 Lumber Company, located at Eighty Four, Pennsylvania.

IN WITNESS WHEREOF, the parties have caused this Agreement to be executed by their duly authorized representatives.

Witness

Witness

Witness OVERNIGHT 3-27 (call)

Applicant _Darrell Layman_ Date _3-14-86_

Applicant _Denni-Jeanni Layman_ Date _3-14-86_

84 Lumber Credit Manager

PLAINTIFF'S EXHIBIT #1

## CREDIT AGREEMENT TERMS AND CONDITIONS

84 Lumber agrees to extend credit to _____(hereinafter referred to as Applicant), and Applicant agrees to accept such credit subject to the following terms and conditions:

1. Upon receipt of material, Applicant, or his authorized agent, will receive a pink invoice copy from the 84 Lumber associate completing the sale. Please list below all authorized agents other than yourself.

 Authorized agents:

 _____ _____

 _____ _____

2. The cut-off date for each month's billing is the Thirtieth (30th) and a statement of each month's transactions will be sent to Applicant on the Fifth (5th) of each month,

3. This monthly statement, together with full payment for the total balance listed on the statement, must be returned to the address listed at the top of the statement by the Fifteenth (15th) of the month following the statement date;

4. All accounts with a past due balance will be closed and no further credit will be extended until Applicant's account is reopened by written notification of same from the Credit Manager of 84 Lumber to both the Applicant and the 84 Lumber store listed at the top of Applicant's monthly statement,

5. In any event, 84 Lumber has the right to close Applicant's account and/or to change the terms and conditions of said account, with or without cause, provided however that any such change other than closing, will only be effective upon written notification to Applicant. Such notification shall be deemed accomplished and effective when mailed from 84 Lumber's home office in Eighty Four, PA;

6. Applicant agrees that he will be personally responsible and liable for the cost of any material charged to his account either by Applicant himself, or any of his authorized representatives, until such time as 84 Lumber receives written notification that previously authorized representatives of the Applicant are no longer authorized to charge material to Applicant's account;

7. The undersigned Applicant hereby authorizes any attorney of any court of record to appear for the undersigned and with or without declaration filed, confess judgement against the undersigned at any time as of any term for any amount unpaid, with costs of suit and attorney's commission of 15% for collection, with release of errors, without stay of execution or right of appeal, waiving all laws exempting real or personal property from execution and inquisition upon any levy on real estate are hereby waived and condemnation agreed to and no benefit of exemption will be claimed under and by virtue of any exemption law now in force or which may be hereafter passed; and,

8 Applicant's account number is _____, and the credit limit on this account shall be _____ __.