NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

## For the Seventh Circuit
## Chicago, Illinois 60604

Argued April 16, 2009
Decided April 23, 2009

### Before

FRANK H. EASTERBROOK, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 08-2753

VALERY VINAROV,
    *Plaintiff-Appellant,*

    *v.*

MOTOROLA, INC.,
    *Defendant-Appellee.*

Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.

No. 05 C 2063
Susan E. Cox, *Magistrate Judge.*

### Order

After Motorola fired Valery Vinarov, he filed an employment-discrimination suit. All claims based on federal law (Vinarov asserted that Motorola had discriminated based on his age and national origin) were resolved in Motorola's favor by the district court, and Vinarov does not pursue them on appeal. He maintains, however, that he is entitled to relief under a state-law theory that depends on the supplemental jurisdiction. 28 U.S.C. §1367. Vinarov contends that he developed a plan, using his contacts in Russia, that increased Motorola's business in that nation, and he insists that he is entitled to extra compensation for those efforts. Vinarov was a project manager in Motorola's networking division, however, and not a salesman paid on commission. Motorola contends that his salary covered all of his services on its behalf, including his efforts to expand business with Russia. A magistrate judge, presiding by consent, see 28 U.S.C. §636(c), agreed with Motorola and granted judgment in its favor.

Vinarov's principal argument is that a clause in his employment contract assigning to Motorola all copyrights, patents, and other intellectual property developed during his time with the firm does not apply to his business plan for providing communications services to Russian customers. Let us suppose that Vinarov is correct about that clause's scope. Still, it is not enough to knock out a clause that would defeat the current demand for compensation. Vinarov worked under a written employment contract; he

received a salary for services in the firm's employ. That some of these services turned out to be related to sales rather than engineering or project management is unimportant. The salary is what it is; Motorola never agreed to pay him extra for work beyond his role as a project manager, or for business plans that he says were conceived at home.

Vinarov was entitled to refrain from any work beyond his assigned tasks unless Motorola promised higher pay. Apparently he negotiated with Motorola for a while about compensation for using his Russian contacts. Nothing came of these negotiations. Vinarov does not identify any rule of Illinois law (which governs this dispute) requiring an employer to pay extra when an employee does tasks not in the job description. Rules about quantum meruit and unjust enrichment do not apply to someone who is in a contractual relation with the other party and seeks to be paid, beyond the agreed amount, for volunteered services. See, e.g., *Indiana Lumbermens Mutual Insurance Co. v. Reinsurance Results, Inc.*, 513 F.3d 652 (7th Cir. 2008); *Murray v. ABT Associates, Inc.*, 18 F.3d 1376 (7th Cir. 1994) (Illinois law); *La Throp v. Bell Federal Savings & Loan Ass'n*, 68 Ill. 2d 375, 370 N.E.2d 188 (1977).

*Concord Industries, Inc. v. Harvel Industries Corp.*, 122 Ill. App. 3d 845, 462 N.E.2d 1252 (1984), on which Vinarov principally relies, dealt with a situation in which a written contract arguably had been supplemented by an oral contract covering additional subjects. Vinarov might be in a similar situation were he arguing that he had an agreement with Motorola on supplemental compensation for sales to Russia; he does not say that any such agreement was reached, however, or that a misunderstanding about the existence of such an agreement allows quasi-contractual recovery.

AFFIRMED